## RIPPEY *v.* TEXAS.

### ERROR TO THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS.

No. 273. Argued March 11, 1904.—Decided March 21, 1904.

This court follows the state court as to the validity of a state statute under the constitution of the State, and the question here is whether the State Constitution in authorizing the law encounters the Constitution of the United States.

A State has absolute power over the sale of intoxicating liquors and may prohibit it altogether, or conditionally, as it sees fit. *Mugler* v. *Kansas,* 123 U. S. 623.

The provisions in articles 3384–3394, Revised Statutes, and articles 402–407, Penal Code of Texas, as to the submission to the people of the question of prohibiting or allowing the sale of liquor in different sections of the State, are not contrary to any of the provisions of the Fourteenth Amendment of the Constitution of the United States, because they discriminate in favor of a vote for prohibition.

THE facts are stated in the opinion of the court.

*Mr. Geo. Clark,* with whom *Mr. D. C. Bollinger, Mr. Francis M. Etheridge* and *Mr. Rhodes S. Baker* were on the brief, for plaintiff in error:

I. Under the constitution of the State of Texas, relating to the question of local option, the legislature of said State is deprived of all power to prohibit the sale of intoxicants in any locality, but such power is vested exclusively in the voting citizenship of each particular locality, town, city, justice precinct, county, or some subdivision thereof, to determine, by a majority vote at an election called for that purpose, whether or not the sale of intoxicants, except for mechanical or sacramental purposes, shall be prohibited in the particular locality. And by the terms of the constitution itself the legislature is only vested with authority to prescribe regulations for such elections whereby the wishes of any particular locality may be determined according to the law. In other words, it is a rare instance of pure democratic government in a government

of representative republicanism.  Constitution of Texas, art. XVI, sec. 20; *Dawson* v. *State,* 25 Tex. Ct. of App. 672; *Ex parte Bains,* 39 Tex. Crim. Rep. 62.

II. The statutes of the State of Texas presumably passed in pursuance of the constitutional provision, are violative of the Federal Constitution, in the following particulars, to wit: (1) Because art. 3395 of the Revised Statutes of the State of Texas abridges privileges and immunities of the citizens of the State of Texas and of the United States; (2) Because said article in its operation deprives many citizens of the United States and of the State of Texas, and especially the plaintiff in error, of liberties and property, without due process of law; (3) Said art. 3395 denies to many citizens in the State of Texas the equal protection of the law; (4) Because said art. 3395 and accompanying legislation herein before set out, constitute class legislation, in that a certain class of citizenship is favored and an equally large class is discriminated against therein; and such discrimination involves the exercise of the most important functions of citizenship; and the case is not one in which the legislature was authorized to make discriminations by classes under the Constitution of the United States; (5) Because said statutes hereinbefore set out contravene the provisions of the Constitution of the United States as construed by the Court of Criminal Appeals of the State of Texas, in that they deny equal rights to a large portion of citizenship of the State of Texas, if not a majority, and bestow exclusive privileges upon a large class of other citizens of said State, which exclusive privileges are not in consideration of public services rendered; (6) Because said statutes, and especially art. 3395 operate to deny to the citizens the equal protection of the law, in that they discriminate against those who vote against prohibition and in favor of those who vote for prohibition; and operate to disfranchise for a period, at least of two years, all citizens within the territory to be affected, who are opposed to prohibition, and deny them the right for such period of time to legislate upon the question, while upon the contrary it confers

that right upon those who favor prohibition to vote therefor as often as they shall see fit; (7) Because said statutes, especially art. 3395 further deny the equal protection of the law, in that they provide that the failure to carry prohibition in a town or city shall not prevent an election from being immediately thereafter held for the entire justice's precinct, or county in which said town or city is situated, and deny to those citizens who oppose local prohibition the privilege of so voting in the event prohibition should carry in the town or city; (8) Because said statutes further deny the equal protection of the law, in that they pro/ide in the event prohibition shall fail to carry by vote in the town or city, that immediately thereafter those in favor of prohibition may inaugurate an election for an enlarged district to be selected by them, which shall include the said town or city, and in the event the election so held in such enlarged territory shall be carried in favor of prohibition, the same shall operate as an abrogation and repeal of the previous election held in said town or city. And because said statutes further provide that if at an election prohibition should carry in a town or city, it cannot be defeated by an inauguration of a subsequent election in an enlarged district; and upon the contrary provides that when prohibition has been carried at an election in a town, city or precinct, such prohibition shall not be repealed except at an election ordered and held for such town, city or precinct earlier than two years thereafter; (9) Because said statutes further deny the equal protection of the law, in that they provide that when prohibition has been carried at an election in the entire county, no election shall thereafter be ordered in any subdivision of said county until after prohibition has been defeated in the entire county; and in disregard and denial of equal protection they further provide that should an election fail to carry prohibition in the county, those in favor of prohibition may immediately thereafter inaugurate an election for any and all such portions of the county as they may choose; and in the event prohibition carries in any such subdivision so immediately inaugurated, such election

shall have the effect of abrogating the previous election held in the entire county. Constitution U. S., art. 14, sec. 1; *Railway Co. v. Ellis,* 165 U. S. 150; *Connolly v. Pipe Line Co.,* 184 U. S. 540; *Penbina Mining Co. v. Pennsylvania,* 125 U. S. 188, 189; *Duncan v. Missouri,* 152 U. S. 382; *Missouri v. Lewis,* 101 U. S. 22; *Marchant v. Pennsylvania,* 153 U. S. 389; *Barbier v. Connoly,* 113 U. S. 27; *Hayes v. Missouri,* 120 U. S. 68; *Magoun v. Trust Co.,* 170 U. S. 293; *Kentucky Tax Cases,* 115 U. S. 337; *Railroad v. Pennsylvania,* 134 U. S. 237; *McPherson v. Blacker,* 146 U. S. 39; *In re Kemmler,* 136 U. S. 436; *Ex parte Jones,* 38 Cr. App. 428; *Ex parte McCarver,* 46 S. W. Rep. 939; *Fraser v. McConway,* 82 Fed. Rep. 860; *Juanita Limestone Co. v. Fagley,* 187 Pa. St. 197; *In re Day,* 181 Illinois, 80; *Luman v. Hitchens Bros. Co.,* 90 Maryland, 27; *Wansel v. Hoos,* 60 N. J. L. 526; *People v. Hawkins,* 157 N. Y. 526; *State v. Hoyt,* 71 Vermont, 64.

*Mr. C. K. Bell,* Attorney General of the State of Texas, with whom *Mr. T. S. Reese* was on the brief, for defendant in error:

I. The right to engage in the business of selling intoxicating liquors is not a "privilege or immunity of citizens of the United States" within the meaning of section 1 of the Fourteenth Amendment to the Constitution of the United States. *Bartemeyer v. Iowa,* 18 Wall. 129, 133; *Giozza v. Tiernan,* 148 U. S. 657, 661; *Vance v. W. A. Vandercook Co.,* 170 U. S. 438, 444; *Crowley v. Christenson,* 137 U. S. 86, 91.

The "privileges and immunities" protected are only those flowing from Federal citizenship. *Slaughter House Cases,* 16 Wall. 37.

II. The laws in question do not deprive any person of "liberty or property" within the meaning of the Fifth and Fourteenth Amendments to the Constitution. *Mugler v. Kansas,* 123 U. S. 623; *Kid v. Pearson,* 128 U. S. 1; *Beer Co. v. Massachusetts,* 97 U. S. 25, 33.

III. The laws in question do not deny to any person within

the jurisdiction of the State of Texas the equal protection of the law. *Magoun* v. *Illinois Trust & Savings Bank*, 170 U. S. 283, 293; *Barbier* v. *Connolly*, 113 U. S. 27, 31; *Powell* v. *Pennsylvania*, 127 U. S. 678, 683; *Busch* v. *Webb*, 122 Fed. Rep. 655, 669; *Ex parte Fields*, 39 Tex. Crim. App. Rep. 50; *Rippey* v. *State*, 68 S. W. Rep. 687; 73 S. W. Rep. 15; *Kimberly* v. *Morris*, 10 Tex. Civ. App. Rep. 592, 596.

MR. JUSTICE HOLMES delivered the opinion of the court.

The plaintiff in error was convicted of selling intoxicating liquors contrary to vote of his precinct prohibiting such sale. This vote was in pursuance of a statute which the plaintiff in error alleges to be contrary to the Fourteenth Amendment of the Constitution of the United States. The question was raised at the outset by a motion to quash, which was overruled subject to exception, the exception was overruled on appeal, and the case was brought here by writ of error.

The Constitution of Texas, art. 16, sec. 20, required the legislature to enact a law by which the majority of qualified voters of any county, justice's precinct, town or city, from time to time might determine whether the sale of intoxicating liquors should be prohibited. The Legislature thereupon enacted what now are articles 3384–3399 of the Revised Statutes, and articles 402–407 of the Penal Code. These all are assailed, but the particular object of attack is art. 3395.

Article 3395 is as follows:

"Art. 3395 [3238]. The failure to carry prohibition in a county shall not prevent an election for the same being immediately thereafter held in a justice's precinct or subdivision of such county as designated by the commissioners' court, or of any town or city in such county; nor shall the failure to carry prohibition in a town or city prevent an election from being immediately thereafter held for the entire justice's precinct or county in which said town or city is situated; nor shall the holding of an election in a justice's precinct in any way prevent the holding

of an election immediately thereafter for the entire county in which the justice's precinct is situated; but when prohibition has been carried at an election ordered for the entire county, no election on the question of prohibition shall be thereafter ordered in any justice's precinct, town or city of said county until after prohibition has been defeated at a subsequent election for the same purpose, ordered and held for the entire county, in accordance with the provisions of this title; nor in any case where prohibition has been carried in any justice's precinct shall an election on the question of prohibition be ordered thereafter in any town or city of such precinct until after prohibition has been defeated at a subsequent election ordered and held for such entire precinct."

It will be seen that this section discriminates in favor of those who vote for prohibition; and the argument is that since the Legislature was not authorized to pass a prohibitory law, *Dawson* v. *State*, 25 Texas Cr. App. 670, 674, 675, but was required to leave the question to a local vote, it necessarily created a pure democracy to that extent, and therefore could not interfere with the equality of the voters in their right to propose or carry a law. Many questions would have to be answered before so speculative a piece of ratiocination could be followed. But we think it may be dealt with in short space, so far as is necessary to decide this case.

We follow the state court of course, as to the state constitution, and assume that the law is not invalid under that. The question for us is whether, if the state constitution undertakes to authorize such a law, it encounters the Constitution of the United States. It is a question of the power of the State as a whole. *Missouri* v. *Dockery*, 191 U. S. 165, 171. But the State has power to prohibit the sale of intoxicating liquors altogether, if it sees fit, *Mugler* v. *Kansas*, 123 U. S. 623, and that being so it has power to prohibit it conditionally. It does not infringe the Constitution by giving those in favor of the sale a chance which it might have denied. It is true that the greater does not always include the less. A man may give his

property away, yet he may not contract with a carrier to take the risk of the latter's negligently injuring it, or part with it on the valuable consideration of a wager. But in general the rule holds good. It does here. The State has absolute power over the subject. It does not abridge that power by adopting the form of reference to a local vote. It may favor prohibition to just such degree as it chooses, and to that end may let in a local vote upon the subject as much or as little as it may please. There is no such overmastering consideration of expediency attaching everywhere and always to the form of voting, still less is there any such principle to be drawn from the Fourteenth Amendment, as requires the two sides of a vote on prohibition to be treated with equal favor by the State, the subject matter of the vote being wholly within the State's control. The only chance for the plaintiff in error to prevail was under the state constitution. He has no case under the Constitution of the United States.

*Judgment affirmed.*