[Civil No. 1051.    Filed March 27, 1908.]

[94 Pac. 1129.]

JOSEPH THALHEIMER, Plaintiff and Appellant, v. BOARD OF SUPERVISORS OF MARICOPA COUNTY and JOHN P. ORME, LEO M. HOGHE, and C. S. STEWARD, Members of said Board of Supervisors, Defendants and Appellees.

1. CONSTITUTIONAL LAW — LEGISLATIVE POWER — DELEGATION — RULE. AGAINST—APPLICABLE BOTH TO TERRITORIAL AND STATE LEGISLATURES.—There is no distinction between the legislature of a territory and that of a state in regard to the power delegating legislative power to the people, neither one having such power in the absence of express constitutional provision therefor.

2. SAME—INTOXICATING LIQUORS—LOCAL OPTION—REV. STATS. ARIZ. 1901, TITLE 43, CONSTRUED.—Title 43, *supra,* provides that upon a petition being filed with the board of supervisors, signed by a certain number of voters, an election shall be ordered at which those in favor of the prohibition of the· sale of intoxicating liquors within the proposed limits shall vote "for prohibition" and those who oppose it "against prohibition," and if a two-thirds majority of the votes cast favor prohibition, the board of supervisors shall make an order declaring the result and absolutely prohibiting the sale of intoxicating liquors within the prescribed limits. *Held,* that such submission of the question to popular vote does not constitute a delegation of the legislative power.

3. SAME—SAME—SAME—SAME.—The fact that title 43, · *supra,* fixes no date for the election, and provides for no action under it until a petition shall be filed with the board of supervisors, does not render the act invalid as a delegation of the legislative power, inasmuch as the law was complete when passed and approved, and only need'ed the happening of certain contingencies to cause it to be applied.

4. SAME—SAME—SAME—SAME.—The fact that the board of supervisors are authorized to canvass the votes, and if two-thirds are found to be in favor of prohibition to make an order declaring the result, and absolutely prohibiting the sale of intoxicating liquors within the prescribed limits, does not render the act invalid as a delegation of power to the board of supervisors to prohibit the sale, since in canvassing the votes and making the order the board merely acts as the agent of the legislature in ascertaining the happening of certain conditions and declaring the event upon which the expressed will of the legislature was to take effect.

APPEAL from a judgment of the District Court of the Third Judicial District, in and for the County of Maricopa. Edward Kent, Judge.    Affirmed.

The facts are stated in the opinion.

W. H. Stilwell, for Appellant.

The power of the legislature of a state is limited only by the constitution of its state and the powers delegated to the federal government by the constitution of the United States. There is no other limit.    And the decisions of the supreme courts of some of the states have not been particular in fixing the line of limit between the powers of the legislature of a state, and the people, the source of such powers.    *Caldwell* v. *Barrett,* 73 Ga. 604, 606.

The territorial legislature has no power vested in it by the people of the territory. All powers of legislation vested in the territorial legislature was by act of Congress and there is no power to delegate such power. An agent can return to its principal the power it has received but it cannot pass it on to others, without the consent of the principal. *Clayton* v. *Utah Territory*, 132 U. S. 632, 641, 642, 10 Sup. Ct. 190, 33 L. Ed. 455.

Popularity of a legislative act cannot increase the power of a territorial legislature. See *Clayton* v. *Utah Territory*, 132 U. S. 632, 640, 10 Sup. Ct. 190, 33 L. Ed. 455.

Appellant does not question the power of the legislature to pass laws regulating or prohibiting the sale of intoxicating liquor, but only contends against its *power* to *delegate such power*. *Lytle* v. *Halff*, 75 Tex. 128, 136, 137, 12 S. W. 610; Potter's Dwarris' Statutes, ed. 1874, sec. 6, p. 44; Kent's Commentaries, p. 488; *Ex parte Wall*, 48 Cal. 279, 17 Am. Rep. 425; *State* v. *Swisher*, 17 Tex. 441, commenting on the Vermont case; *San Antonio* v. *Jones*, 28 Tex. 19, at 31; Ariz. Stats. 1901, tit. 43, p. 801.

G. P. Bullard, F. Lyman, and E. S. Clark, for Appellees.

CAMPBELL, J.—Appellant, as a citizen and taxpayer of Maricopa county, brought this action to enjoin the board of supervisors of that county from ordering an election, upon a petition of voters duly filed, to determine whether the sale of intoxicating liquors within the county should be prohibited. From the judgment of the district court refusing the injunction, he brings this appeal.

The only question presented for our consideration is the validity of the "local option" legislation as embodied in title 43, Revised Statutes of 1901. That title provides that upon a petition being filed with the board of supervisors, signed by a certain number of voters, an election shall be ordered, at which those who favor the prohibition of the sale of intoxicating liquors within the proposed limits shall have written or printed upon their tickets the words "For Prohibition," and those who oppose it, "Against Prohibition." If a two-thirds majority of the votes cast favor prohibition, the board shall make an order declaring the result, and absolutely prohibiting the sale of intoxicating liquors within the prescribed limits;

and after such order is entered it is made a misdemeanor to sell, exchange, or give away such liquors within such limits. ·

The contention of appellant is that the act is invalid for the reason that the legislature has attempted to delegate its power. For the purposes of his first point he concedes that such legislation is valid when enacted by a state legislature, but insists that there is a distinction between a state legislature, vested with power by the people of the state, and the legislature of a territory, vested with power by Congress; that a state legislature, deriving its power directly from the people of the state, if it chooses to cast back upon the people, the source of its power, the power of legislation, instead of exercising that power itself, may do so, while a territorial legislature, exercising its power only by delegation from Congress, the people of the territory not being its source of power, has no authority as the agent of Congress to delegate its power of legislation to the people. This theory might be worthy of consideration if his premises were correct. Legislatures of states have no more authority, in the absence of express constitutional provisions, to delegate their powers than have the legislatures of territories. "By the constitution which they (the people) establish, they not only tie up the hands of their official agencies, but their own hands as well; and neither the officers of the state, nor the whole people as an aggregate body, are at liberty to take action in opposition to this fundamental law," says Judge Cooley in his work on Constitutional Limitations, seventh edition, 56. And that learned author, in discussing the powers exercised by the legislative department, further says: "One of the settled maxims in constitutional law is that the power conferred upon the legislature to make laws cannot be delegated by that department to any other body or authority. Where the sovereign power of the state has located the authority, there it must remain; and by the constitutional agency alone laws must be made until the constitution itself is changed." Cooley's Constitutional Limitations, 163. On page 168 of the same work the author discusses the question of the authority of a legislative body to cast back upon the people the power of legislation, but finds it forbidden by the weight of judicial authority. The supreme court of Ohio, in a case involving a question similar to that in this case, said: "That the General Assembly cannot surrender any portion of the legislative authority with which it is invested, or authorize its exercise by any other person or body,

is a proposition too clear for argument, and is denied by no one. This inability arises no less from the general principle applicable to every delegated power requiring knowledge, discretion, and rectitude in its exercise than from the positive provisions of the constitution itself. The people, in whom it resided, have voluntarily relinquished its exercise, and have positively ordained that it shall be vested in the General Assembly. It can only be reclaimed by them, by an amendment or abolition of the Constitution, for which they alone are competent. To allow the General Assembly to cast it back upon them would be to subvert the Constitution and change its distribution of powers, without their action or consent. The checks, balances, and safeguards of that instrument are intended no less for the protection and safety of the minority than of the majority. Hence, while it continues in force, every citizen has a right to demand that his civil conduct shall only be regulated by the associated wisdom, intelligence, and integrity of the whole representation of the state. But while this is so plain as to be admitted, we think it equally undeniable that the complete exercise of legislative power by the General Assembly does not necessarily require the act to so apply its provisions to the subject matter as to compel their employment without the intervening assent of other persons, or to prevent their taking effect only upon the performance of conditions expressed in the law.'' *Cincinnati etc. R. R. Co.* v. *Commissioners of Clinton County,* 1 Ohio St. 77. Appellant finds authority for his proposition in remarks made by the supreme court of Georgia in considering a local option law of that state in *Caldwell* v. *Barrett,* 73 Ga. 604. If the language used by that court can be said to lend support to appellant, we cannot give it our assent. The legal conflict over the local option laws in the various states has centered upon the question whether in fact they involve a delegation of legislative power, and the overwhelming weight of authority is that they do not. It does not, at this day, seem necessary to review the arguments for and against the proposition. We content ourselves with calling attention to two recent cases in which the authorities are collected and commented upon: *In re O'Brien,* 29 Mont. 530, 75 Pac. 196; *Fouts* v. *City of Hood River,* 46 Or. 492, 81 Pac. 370, 1 L. R. A., N. S., 483. See, also, 23 Cyc. 78. Such legislation does not violate the constitution of the United States (*Rippey* v. *State,* 193 U. S. 509, 24 Sup. Ct. 516, 48 L. Ed. 767); and, if it is not in

contravention of a state constitution by which legislative power is committed to a legislative body, it is not invalid as a delegation of power, when enacted by a territorial legislature. *Mcynard* v. *Hill*, 125 U. S. 190, 8 Sup. Ct. 723, 31 L. Ed. 654; *Bennett* v. *Nichols*, 9 Ariz. 138, 80 Pac. 392; *Leatherwood* v. *Hill*, 10 Ariz. 243, 89 Pac. 521.

It is next urged that the legislation herein involved is invalid for the reason that it fixes no date for the election, and provides for no action under it until a petition may be filed with the board of supervisors, and is therefore a delegation of power. It is argued that the act can have no life until the people act by filing a petition. The test is, Was the statute complete when it left the legislature and was approved by the governor? If so, it is not rendered invalid, because it may be applied only upon the happening of a contingency or the concurrence of a certain set of events. The wisdom of the law and the punishment attached to its violation are not left to the voters. The statute is itself complete, and is to be applied only upon the happening of certain specified events. One of those is the presentation of a petition containing the signatures of a certain number of voters. If this event occurs, the election follows; and, if a two-thirds majority of the voters favor prohibition, the sale of intoxicating liquors becomes illegal. We do not think the point well taken. Statutes containing similar provisions have been held valid by the supreme courts of New Jersey, Ohio, Mississippi, Oregon, South Dakota, and Montana, and probably by others. *Paul* v. *Circuit Court of Gloucester County*, 50 N. J. L. 585, 15 Atl. 272, 1 L. R. A. 86; *Gordon* v. *State*, 46 Ohio St. 607, 23 N. E. 63, 6 L. R. A. 749; *Schulherr* v. *Bordeaux*, 64 Miss. 59, 8 South. 201; *Lemon* v. *Peyton*, 64 Miss. 161, 8 South. 235; *Fouts* v. *City of Hood River*, 43 Or. 492, 81 Pac. 370, 1 L. R. A., N. S., 483; *State* v. *Barber*, 19 S. D. 1, 101 N. W. 1078; *In re O'Brien*, 29 Mont. 530, 75 Pac. 196.

The statute is further criticised because it provides that the board of supervisors shall canvass the votes, and, if a two-thirds majority are found to be "for prohibition," they "shall make an order declaring the result of said votes, and absolutely prohibiting the sale of intoxicating liquors within the prescribed limits." It is insisted that it is the order of the supervisors, and not the law enacted by the legislature, that prohibits the sale of liquors. In *Field* v. *Clark*, 143 U. S. 649, 12 Sup. Ct. 495, 36 L. Ed. 294, the supreme court had

before it a similar contention. In that case the statute involved made it the duty of the president, whenever he deemed certain specified conditions to exist, to suspend, by his proclamation to that effect, certain provisions of the act relating to duties upon imports. The court say: "As the suspension was absolutely required when the President ascertained the existence of a particular fact, it cannot be said that in ascertaining that fact and in issuing his proclamation, in obedience to the legislative will, he exercised the function of making laws. Legislative power was exercised when Congress declared that the suspension should take effect upon a named contingency. What the President was required to do was simply in execution of the act of Congress. It was not the making of law. He was the mere agent of the law making department to ascertain and declare the event upon which its expressed will was to take effect."

We think the court was right in refusing the restraining order, and its judgment is therefore affirmed.

SLOAN, DOAN, and NAVE, JJ., concur.