**William J. BAXLEY, as Attorney General of the State of Alabama, Plaintiff,**

**v.**

**Frank V. POTTS, as Chairman of the Alabama Alcoholic Beverage Control Board, et al., Defendants,**

**Alabama Wholesale Beer Distributors, Incorporated, Defendant-Intervenor.**

**Civ. A. No. 3442–N.**

United States District Court,
M. D. Alabama, N. D.

Feb. 1, 1972.

William J. Baxley, Atty. Gen., Walter S. Turner, Chief Asst. Atty. Gen., Richard F. Calhoun and Henry H. Caddell, Asst. Attys. Gen., State of Ala., Montgomery, Ala. for plaintiff.

Henry B. Steagall, II, and J. W. Adams (Steagall & Adams), Ozark, Ala., for defendants Potts, Roberts, Anderson, Gray, and Whisenant.

John O. Harris, Legal Adviser to the Governor, State of Ala., Montgomery, Ala., appeared for the Governor.

Champ Lyons, Jr., and Thomas S. Lawson, Jr., of Capell, Howard, Knabe & Cobbs, Montgomery, Ala., for defendant-intervenor.

Before RIVES, Circuit Judge, and JOHNSON and VARNER, District Judges.

BY THE COURT:

The plaintiff seeks a declaratory judgment and injunctive relief permitting the sale of draft beer in all of the "wet" counties of the State on the ground that the following part of Title 29, section 34 of the Code of Alabama, recompiled 1958, deprives citizens of the State of Alabama residing in counties offering the sale of alcoholic beverages, where such counties are under a prohibition against the sale of draft or keg beer, of their rights, privileges and immunities under the equal protection clause of the fourteenth amendment to the United States Constitution:

> "All malt or brewed beverages must be sold or dispensed from bottles, cans, or other container not to exceed one pint or sixteen ounces. There shall be no draft or keg beer or malt beverages sold or dispensed within this state; *provided, however, in rural communities with a predominantly foreign population, after the payment of the tax imposed by this chapter, draft or keg beer may be sold or dispensed by special permit from the board, when in the judgment of the board, the use and consumption of draft or keg beer is in accordance with the habit and customs of the people of any such rural community.* Such permit shall be promptly revoked by the board, if, in its judgment, the same tends to create intemperance, or is prejudicial to the welfare, health, peace, temperance and safety of the people of the community or of the state." (Emphasis supplied.)

The action was originally brought against the Alabama Alcoholic Beverage Control Board and its members and officers. Later the Governor of Alabama was added as a party defendant. None of the named defendants have thus far actively opposed the plaintiff's complaint nor resisted the granting of his prayer for relief. Only the defendant-intervenor has taken issue with the complaint and has moved the dismissal of this action. The case is submitted for decision on the plaintiff's motion for summary judgment and the defendant-intervenor's motion to dismiss.

Title 29, section 34 originally appeared as a part of the Alabama Beverage Control Act passed on February 2, 1937, over the Governor's veto. General Laws of Alabama, Special Session 1936–37, p. 40, et seq. This original Alcoholic Beverage Control Act contained separability provisions both in section 3(b) and in section 59. So far as we are advised, Title 29, section 34 has not been judicially construed. Upon passage of the Act, the part which is now Title 29, section 34 was administratively applied to permit the sale of draft beer in two counties—Cullman and Baldwin. It does not appear that either of those counties actually had communities which fit the literal language of the proviso, i. e., "rural communities with a predominantly foreign population." They were thought, however, to comply with the spirit of the proviso in that "in the judgment of the board, the use and consumption of draft or keg beer is in accordance with the habit and customs of the people of any such rural community." Under local option provisions of the Act, Cullman County became a "dry" county in 1941. Since Cullman went "dry," Baldwin has been the only county in which Title 29, section 34 has been administratively applied to permit the sale of draft beer. However, special legislation[1] has been passed allowing the sale of draft beer in three other counties—Madison, Sumter and Marengo.

Before the plaintiff's motion for summary judgment could be granted, it would have to appear both (1) that "there is no genuine issue as to any material fact" and (2) "that the moving party [the plaintiff] is entitled to a judgment as a matter of law." Rule 56(c), F.R.Civ.P. The second prerequisite is clearly lacking for at least two reasons:

(1) *It is not at all clear that the section is unconstitutional.* The section contemplates that the sale of draft beer be made "in accordance with the habit and customs of the people of any such rural community." That might very well be beneficent rather than invidious classification. *See* Brooks v. Beto, 5 Cir. 1966, 366 F.2d 1. Moreover, it would seem that an exercise of State power cannot amount to a denial of the equal protection of the laws solely because of any motive of the Legislature when it passed the statute. Only the effect of the statute is in question. *See* Palmer v. Thompson, 1971, 403 U.S. 217, 225, 91 S.Ct. 1940, 29 L.Ed.2d 438. *Cf.* Bullock v. Washington, D.C. Cir. 1972, 452 F.2d 1385. Certainly no one would argue that the special legislation (n. 1 *supra*) allowing the sale of draft beer in Madison, Sumter and Marengo Counties deprived people in other "wet" counties of the equal protection of the laws. Yet the effect of that special legislation as to Madison, Sumter and Marengo is precisely the same as the effect of the pertinent proviso as to Baldwin County. Otherwise stated, persons residing in other "wet" counties are denied the equal protection of the laws no more by the proviso than by the special legislation.

(2) *It is far from clear that if the unconstitutionality of the pertinent part of Title 29, section 34 were established, the result would be to permit the sale of draft beer in all "wet" counties instead of to prohibit the sale of draft beer in Baldwin County.* To hold that the result would be to permit the sale of draft beer in all "wet" counties would be

1. Act No. 136, July 9, 1965; Act No. 133, July 26, 1971; Act No. 1312, October 21, 1971.

to permit the tail to wag the dog. It would also be contrary to the plain intent of the Legislature as expressed in provisions of the Act, *e. g.*, those prohibiting "the open saloon," Acts 1936–37, p. 43, section 3, and p. 68, section 28, and those providing against "any saloon atmosphere" or any sale "except in sealed packages," see p. 52, section 10. Indeed, that theme of "no open saloon" runs through the Act. Draft beer must necessarily be sold on the premises in a tavern, beer garden, or some other place bearing some resemblance to an open saloon. If the result of holding the pertinent part of Title 29, section 34 unconstitutional would be to ban the sale of draft beer in Baldwin County, then the plaintiff would lack standing to bring this action, for the plaintiff cannot claim to derive any benefit from such a result.

■ There are other reasons why the plaintiff's motion for summary judgment cannot be granted. It should be noted that in representing other "wet" counties the Attorney General has foreclosed his effective representation of Baldwin County, and that there is no one before the Court representing the peculiar interest of Baldwin County. If we are uncertain about the application of the separable provisions of the Act, we should not proceed further until some citizens representing Baldwin County as class defendants are joined and have an opportunity to be heard. The entire section and the Act as a whole indicate that the proviso was not intended to reflect State Policy. Indeed, otherwise there would have been no occasion for the special legislation permitting the sale of draft beer in three other counties. The proviso has only a local impact, though it is administered by a State Board. *Cf.* Board of Regents of University of Texas System v. New Left Education Project, 1972, 404 U.S. 541, 92 S.Ct. 652, 30 L.Ed.2d 697.

In short, the plaintiff has neither shown his standing to maintain this action, nor has he borne the burden of es-

tablishing the unconstitutionality of the pertinent part of Title 29, section 34.

### JUDGMENT

For the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed by the Court:

1. That the plaintiff's motion for summary judgment be and the same is hereby denied, and

2. that the motion of the defendant-intervenor to dismiss this action be and the same is hereby granted.