304 So.2d 578

John J. SMITH et al.

v.

Frank W. POTTS et al.

SC 824.

Supreme Court of Alabama.

Dec. 5, 1974.

John W. Kelly, III, and Stanley B. Sikes, Selma, for appellants.

as members, ABC Board, and Henry B. Gray, III, as Administrator, ABC Board.

William J. Baxley, Atty. Gen. and Myron L. Thompson, Asst. Atty. Gen., for appellees.

J. Knox Argo, Montgomery, for Alabama Retail Assn.

J. William Rose, Jr., Birmingham, for Wine Distributors of Ala., Inc. and William F. Frost, Jr.

Thomas M. Marr, Mobile, for Wholesale Beer & Wine Assn.

Steagall & Adams, Ozark, for Frank V. Potts, as Chairman, ABC Board, William A. Roberts and John M. Harbert, III,

HEFLIN, Chief Justice.

The plaintiffs-appellants John J. Smith and Ginger C. Strickland are residents of

Montgomery and Dallas Counties respectively. They brought suit in the Circuit Court of Montgomery County seeking a declaratory judgment that Acts No. 863, No. 1053, and No. 1054 of the Regular Session of the 1973 Alabama Legislature are unconstitutional and void. The original defendants were the members and administrators of the Alabama Alcoholic Beverage Control Board, but the Alabama Wholesale Beer and Wine Association, Inc., the Alabama Retail Association, and the attorney general were permitted to intervene as defendants.

The defendants-appellees (defendants) filed a motion to dismiss the action under Rule 12(b)(6) of the Alabama Rules of Civil Procedure, contending the plaintiffs' complaint failed to state a claim upon which relief could be granted. The trial court granted this motion, finding the plaintiffs-appellants (plaintiffs) lacked standing to challenge the constitutionality of these three Acts. This court affirms.

Act No. 863 is so worded as to relate to "all counties having populations of not less than 300,000 nor more than 500,000 according to the 1970 or any subsequent Federal decennial census." Act No. 1053 relates to "all counties having populations of not less than 500,000," and Act No. 1054 relates to "all counties having populations of not less than 115,000 nor more than 130,000." These population classifications make the Acts presently applicable only to Mobile, Jefferson, and Tuscaloosa Counties, respectively.

Except for the population classifications, the three Acts are identical. The primary effect of the Acts is to permit the sale of "table wines," as defined in the Acts, by grocery stores and supermarkets in those three counties. These wines are sold in other "wet" counties only at A.B.C. Board stores.

Article 4, § 110, of the Alabama Constitution of 1901 defines a "general law" as "a law which applies to the whole state," and defines a "local law" as "a law which applies to any political subdivision or subdivisions of the state less than the whole." Sections 104 and 106 provide that local laws, and particularly local laws regulating the liquor traffic, shall not be enacted by the legislature except after certain notice has been given in the affected counties. Section 106 also provides that "The courts shall pronounce void every special, private, or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section."

This court has in the past treated certain acts written in general terms as "general laws," even though population classifications made them applicable at the time only to certain counties. Such acts are often referred to as "general laws of local application." But this court has said that for these acts to be valid as "general laws," the population classifications must be made in good faith and must be reasonably related to the purposes of the legislation. Brittain v. Weatherly, 281 Ala. 683, 207 So.2d 667 (1968); McDowell v. Columbia Pictures Corp., 281 Ala. 438, 203 So.2d 454 (1967); City of Birmingham v. Samford, 274 Ala. 367, 149 So.2d 271 (1963); Reynolds v. Collier, 204 Ala. 38, 85 So. 465 (1920).

The plaintiffs contend that these three statutes do not constitutionally qualify as "general laws" because the population classifications are, in the plaintiffs' words, "arbitrary, discriminatory, capricious, and unrelated to any legislative policy regarding the sale and distribution of alcoholic beverages." The plaintiffs further say these Acts do not constitutionally qualify as "local laws" because there was no compliance with the notice requirements of Sections 104 and 106 of the Alabama Constitution of 1901.

Because this court agrees with the trial court's finding that the plaintiffs did not have standing to present a justiciable controversy, it does not consider the question of *constitutionality vel non* sought to be raised by the plaintiffs.

It has been said that the question of standing to bring an action focuses on the party seeking to bring a complaint before a court and not on the issues the party wishes to have adjudicated. Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); Harman v. City and County of San Francisco, 7 Cal.3d 150, 101 Cal.Rptr. 880, 496 P.2d 1248 (1972). One has standing to bring his complaint into court "if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he will vigorously present his case." Harman v. City and County of San Francisco, *supra*; Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).

Many years ago this court considered a somewhat similar problem in the case of Jones v. Black, 48 Ala. 540 (1872). The plaintiffs in that case sought to prevent an election intended to fill a new criminal court judgeship in Bullock County, contending that the law under which the election was to be held had not been constitutionally adopted by the legislature. This court found that the plaintiffs, residents of Bullock County, had no standing to challenge the constitutionality of the election law, and made the following comments:

"Nor will a court listen to an objection made to the constitutionality of an act of the legislature by a party whose rights it does not specially effect [sic]. An act of the legislature will be assumed to be valid, until some one complains whose rights it invades; and it is only when some person attempts to resist its operation, and calls in the aid of the judicial power to pronounce it void, *as to him, his property or his rights,* that the objection of constitutionality can be presented and sustained.—Cooley, page 164; Dejarnette [Dejarnett] v. Haynes, 23 Miss. 600; Dorman v. The State, 34 Ala. 216, 249, and the cases cited.

"A party who seeks to have an act of the legislature declared unconstitutional, must not only show that he is, or will be injured by it, but he must also show how and in what respect he is or will be injured and prejudiced by it. Injury will not be presumed; it must be shown. —The cases *supra.*

"The complainants in their bill state, that they are resident male citizens of the county of Bullock, and State of Alabama, over the age of twenty-one years, and duly qualified electors in and for said county and state; but they do not state how or in what manner they are or will be injured or prejudiced at all, *either in their persons, their property or their rights,* by the election of a judge of the criminal court of the said county of Bullock, under what they call a pretended election law, purporting to have been passed by the legislature of Alabama * * * *"

The principle of Jones v. Black—that one challenging the constitutionality of a legislative act must show how he is or will be injured by that act—has been reiterated by this court in several cases. Caiola v. City of Birmingham, 288 Ala. 486, 262 So.2d 602 (1972); State v. Friedkin, 244 Ala. 494, 14 So.2d 363 (1943); State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473 (1928); State ex rel. Thomas v. Gunter, 170 Ala. 165, 54 So. 283 (1911), and Shehane v. Bailey, 110 Ala. 308, 20 So. 359 (1896).

This court, then, must consider the position of these plaintiffs in relation to the three Acts in question. Have the plaintiffs shown that they are or will be injured by the application of these Acts? Wines are not presently sold in private stores in Dallas and Montgomery Counties and they were not before these Acts were adopted. If this court held these statutes to be unconstitutional, wines would still not be sold in private stores in Dallas and Montgomery Counties. These plaintiffs have lost nothing by the enforcement of these Acts, and they have nothing to gain by having the Acts voided. In the case of Baxley v. Potts, D.C., 337 F.Supp. 7 (1972), the attorney general claimed that an act allow-

ing the sale of draft beer in "rural communities with a predominantly foreign population" was unconstitutional as violating the equal protection clause of the Fourteenth Amendment to the United States Constitution. That act was being applied only to Baldwin County, and the attorney general represented all other "wet" counties. The three-judge court hearing the case stated that a holding of unconstitutionality would probably not make draft beer available in the state's other "wet" counties. The court then said:

" * * * If the result of holding the pertinent part of Title 29, section 34 unconstitutional would be to ban the sale of draft beer in Baldwin County, then the plaintiff would lack standing to bring this action, for the plaintiff cannot claim to derive any benefit from such a result."

This present case presents a similar situation.

The plaintiffs attempt to show injury of two types, both based on the equal protection clause of the Fourteenth Amendment. First, they say they are injured because as residents of Montgomery and Dallas Counties they are denied special privileges (primarily convenience, accessibility, and a greater selection of wines) that have been made available to the residents of three other counties. Second, they argue that the three Acts in question have the effect of imposing a relatively higher tax burden on them than is imposed on the residents of the three counties involved, in that part of the money the plaintiffs spend for wine at A.B.C. Board stores in their counties will go to the state as profit, contending that this profit amounts to a tax, which is not required of wine purchasers in Mobile, Jefferson, and Tuscaloosa Counties. This court cannot accept either contention.

As to the plaintiffs' first argument, this court notes that the legislature can, within the bounds of the Fourteenth Amendment, make such distinctions between counties as are seen in this case. In the case of McDonald v. Brewer, D.C., 295 F.Supp. 1135 (1968), a plaintiff challenged the constitutionality of this state's local option laws. The three-judge court hearing that case stated:

"Reverting then to the question of whether a state may constitutionally prohibit persons who buy legal taxpaid whiskey in 'wet' counties, from possessing such whiskey in 'dry' counties, in our opinion, at this late date, the decision of that question requires no more than a very brief reference to earlier cases. It has long been settled that a state may decline to consider intoxicating liquor as a legitimate article of commerce and may prohibit its possession or sale either absolutely or under such reasonable conditions as the state may prescribe. Crowley v. Christensen, 1890, 137 U.S. 86, 91, 92, 11 S.Ct. 13, 34 L.Ed. 620; Crane v. Campbell, 1917, 245 U.S. 304, 307, 38 S.Ct. 98, 62 L.Ed. 304; Ziffrin v. Reeves, 1939, 308 U.S. 132, 138, 60 S.Ct. 163, 84 L.Ed. 128. As far back as 1904, the Supreme Court declared that the power of a state to pass a local option law 'is not an open question.' Lloyd v. Dollison, 1904, 194 U.S. 445, 448, 449, 24 S.Ct. 703, 48 L.Ed. 1062. See also, Rippey v. Texas, 1904, 193 U.S. 504, 24 S.Ct. 516, 48 L.Ed. 767. Nothing that has occurred since has impaired the soundness of that statement. * * * The Twenty-first Amendment to the United States Constitution has recognized the police power of the states over intoxicating liquors. We find no sound basis for the plaintiffs' constitutional arguments. We hold that it is not violative of the Fourteenth Amendment to the United States Constitution for the State of Alabama to prohibit persons who buy legal taxpaid whiskey in the State's 'wet' counties from possessing such whiskey for their own personal use or otherwise in the State's 'dry' counties."

■ This court thinks it clear, therefore, that the plaintiffs cannot prevail on equal protection grounds for the first type of injury they assert, *i. e.*, the claim that

the state has denied them special privileges which are given to citizens of three other counties. From all appearances, while the plaintiffs do not specifically make this argument, they seem to be asserting this alleged violation of their Fourteenth Amendment rights only for the purpose of creating a basis to assert their standing to challenge the Acts in court; once in court they would seek to prevail by asserting the totally unrelated violation of the notice requirements of § 106 of the Alabama Constitution of 1901. Such a standing transfer may or may not be valid; but, regardless, it is not necessary for this court to address itself to this point.

 As to the plaintiffs' second contention—that the profits earned by the state through A.B.C. Board wine sales constitute a tax not required of citizens buying wine in Jefferson, Mobile, and Tuscaloosa Counties—it is sufficient to say that the argument is not persuasive. This court is simply not convinced that the profit is a tax.

This court holds that these plaintiffs, who have shown no injury through enforcement of Acts No. 863, No. 1053, and No. 1054, and who have shown no expectation of benefit should the Acts be voided, do not have standing to present the question of constitutionality. Therefore, this court does not consider that question. This court is not saying that no one has standing to challenge these Acts—but holds only that these particular plaintiffs do not have such standing.

 The plaintiffs have insisted throughout their arguments that the defendants' motion to dismiss for failure to state a claim upon which relief can be granted, filed in accordance with Rule 12 (b) (6) of the Alabama Rules of Civil Procedure, should not be granted unless it appears that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. This indeed is the proper test of a Rule 12(b)(6) motion to dismiss. This court has had occasion to discuss that test at some length in the recent case of Bowling v. Pow, 293 Ala. ——, 301 So.2d 55 (1974). In the present case the parties have been given every opportunity to present a set of facts justifying standing. The parties submitted briefs and presented oral argument; each party's position on the question of standing has been made known to this court. Beyond the positions herein mentioned, no other set of facts or positions have been presented to this court to show standing. After the exhaustion of trial and appellate opportunities to show standing the court must conclude that the plaintiffs can not prove a set of facts on which to base standing to pray for the relief sought. Therefore, dismissal on the Rule 12(b)(6) motion was proper.

Affirmed.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL and FAULKNER, JJ., concur.

JONES, J., concurs in result.