I respectfully dissent. While the majority opinion does not address the question of standing, that issue is the principal issue on appeal. Therefore, the majority sub silentio adopts the rule that anyone can challenge a municipal annexation, regardless of their stake in the outcome.
It is axiomatic that a party must have standing to challenge the validity of an annexation ordinance. This Court has held that "[o]ne has standing to bring his complaint into court 'if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he will vigorously present his case.' " Ex Parte Marshall Durbin Co. of Jasper, Inc.,537 So.2d 496, 497 (Ala. 1988), quoting Smith v. Potts,293 Ala. 419, 422, 304 So.2d 578, 580 (1974). Also, to be a proper party plaintiff, the party must have "an interest in the right to be protected." Marshall Durbin, supra, at 497-98. See alsoDavis v. Southern United Life Ins. Co., 494 So.2d 48 (Ala. 1986); Eagerton v. Williams, 433 So.2d 436 (Ala. 1983); Bagleyv. City of Mobile, 352 So.2d 1115 (Ala. 1977). Furthermore, "the question of standing to bring an action focuses on theparty seeking to bring a complaint before a court and not on the issues the party wishes to have adjudicated." Smith v.Potts, 293 Ala. 419, 422, 304 So.2d 578, 580 (1974) (emphasis added), citing Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942,20 L.Ed.2d 947 (1968), and Harman v. City County of SanFrancisco, 7 Cal.3d 150, 101 Cal.Rptr. 880, 496 P.2d 1248
(1972).
The plaintiffs in this case have no interest in the outcome. The record reflects that the plaintiffs own no property within the city limits of the City of Guntersville, and that they own no property in the area sought to be annexed. No plaintiff resides within the city limits of the City of Guntersville, nor does any plaintiff reside in the area sought to be annexed. No plaintiff owns land within the police jurisdiction of the City of Guntersville, nor would any plaintiff own property in the police jurisdiction after the proposed annexation. No plaintiff resides within the police jurisdiction of the City of Guntersville, nor would any plaintiff reside in the police jurisdiction after the proposed annexation. No plaintiff owns property or resides in the vicinity of the property sought to be annexed. None of the plaintiffs will suffer an increased tax burden as a result of the proposed annexation. Quite simply, the plaintiffs would not be affected by the proposed annexation. As a result of this lack of interest, the plaintiffs have no standing to challenge the validity of the annexation ordinances. Because the plaintiffs lack standing, the judgment of the trial court declaring the annexation ordinances invalid is due to be reversed.
SHORES, J., concurs.