A defendant in a civil action clearly has standing to challenge the capacity of the plaintiff to bring the action.Ex parte Izundu, 568 So.2d 771 (Ala. 1990); Smith v. Potts,293 Ala. 419, 304 So.2d 578 (1974).
The appointment of an administrator de bonis non, where there is no vacancy, is absolutely void and will be so held even in a collateral proceeding. Hickey v. Stallworth, 143 Ala. 535,39 So. 267 (1905). An administration de bonis non is an "[a]dministration granted for the purpose of administering *Page 219 
such of the goods of a deceased person as were not administered by the former executor or administrator." Black's LawDictionary 45 (6th ed. 1991).
Clearly, an administrator ad litem, who is appointed to represent the estate in a particular proceeding, is distinguishable from an administrator de bonis non, even though the administrator ad litem was unknown to our law before the enactment of Ala. Code 1975, § 43-2-250, and the appointment of such an administrator before that enactment would have been void. Ex parte Riley, 247 Ala. 242, 23 So.2d 592 (1945). An administrator ad litem can be appointed when "there is no executor or administrator of [the] estate, or [the executor or administrator] is interested adversely thereto." Ala. Code 1975, § 43-2-250. Even though there was an administrator when Steve Franks was appointed, Steve Franks could have established that the existing administrator was not interested in pursing a wrongful death action against Norfolk Southern Railway Company. I agree with the majority that Norfolk Southern should not be permitted to attack Franks's appointment collaterally.
Therefore, for purposes of this special writing, I assume that Steve Franks is administrator ad litem of the estate of Georgia Delaine Franks, deceased, for the purpose of bringing a wrongful death action. Is he a proper party? Franks's action is brought under Ala. Code 1975, § 6-5-410, which provides, in pertinent part: "A personal representative may commence an action . . . for the wrongful act, omission, or negligence of any person, persons, or corporation . . . whereby the death of his testator or intestate was caused." Is an administrator adlitem a personal representative?
The defendant predicates a great deal of its argument on the nature of the Alabama wrongful death action. I shall not commence a discussion of this Court's interpretation of §6-5-410, because I have filled too many pages of SouthernReporter over too long a time with my protestations. See Tatumv. Schering Corp., 523 So.2d 1042 (Ala. 1988) (Houston, J., dissenting), and Smith v. Schulte, [Ms. 1930362, August 18, 1995] 671 So.2d 1334 (Ala. 1995) (Houston, J., dissenting). Suffice it to say that, in my opinion, an administrator adlitem is a personal representative. A "representative" is "[a] person . . . that in some way corresponds to, stands for, replaces, or is equivalent to, another person." Black's LawDictionary 1302 (6th ed. 1991). The adjective "personal" is defined as "[a]ppertaining to the person; belonging to an individual; limited to the person." Black's Law Dictionary 1143 (6th ed. 1991). Steve Franks stands for and replaces the deceased Georgia Franks in this action; clearly, he is a personal representative.