CRAWLEY, Judge.
L.C. Properties, L.L.C., sued Edward McCurdy and Calvin Lasley, alleging that they had breached a lease and requesting damages based on the breach. The trial court eventually entered a $73,180.24 judgment for L.C. Properties. McCurdy filed a postjudgment motion, which the trial court denied. McCurdy appealed to the supreme court, which transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7(6). Lasley did not appeal. We conclude that L.C. Properties had no standing to sue McCurdy.
Michael E. Spicer and Edward McCur-dy leased space at a shopping mall from Leon E. Oberhaus and Frank G. Potts. The lease was signed by Oberhaus and Potts as the “Landlord” and by Spicer and McCurdy as the “Tenant.” Spicer signed a “Tenant Acceptance Letter,” which was witnessed by Oberhaus for “0 & P Properties.” Direct examination of Oberhaus elicited the following testimony:
“Q. You’re Leon Oberhaus; is that correct?
“A. Yes.
[[Image here]]
“Q. Okay. And how are you employed, Mr. Oberhaus?
“A. I’m an independent contractor with Aronov Realty.
“Q. And you have an ownership interest in the plaintiff in this case, L.C. Properties, L.L.C.? Are you a member of that — of L.C. Property?
“A. 0 & P Property?
“Q. 0 & P Property.
“A. Frank Potts and I own fifty percent in L.L.C.”
At the hearing on McCurdy’s post-judgment motion, Mr. Turner, McCurdy’s attorney at trial, and Mr. Moxley, L.C. Properties’ attorney at trial, made the following arguments:
“MR. TURNER: Okay. Can we look at some other things, Judge? The other issue is that the lease was signed by Mr. Oberhaus and a Mr. Potts and what the lawsuit was — was a person — something by the name of L.C. Properties was the plaintiff in the lawsuit, and there was no testimony or no evidence that there was any type of connection with L.C. Properties and Oberhaus and Potts. So, based on that, we suggest that, you know, the order was, you know—
“THE COURT: Well, if I recall, Mr. Oberhaus did testify as to his involvement with the company. But I’ll look back at that.' Do you have a response?
“MR. MOXLEY: Your Honor, Mr. Oberhaus did testify that that’s an L.L.C., which [he] and Mr. Potts owned. I — this wasn’t submitted at trial, so I don’t know if Your Honor wants to see it, but I’ve got the tenant acceptance letter where it says, Leon Oberhaus for owing, you know, the plaintiff. It’s a partnership or L.L.C., rather—
“THE COURT: Well, it wasn’t at trial, but I — I’ll look at his testimony.
“MR. TURNER: And this is — counsel, this appears to be for 0 & P Properties, and that’s something different from L.C. Properties.
“MR. MOXLEY: Mr. Oberhaus owns several L.L.C.s and—
“MR. TURNER: Well—
“THE COURT: Well, that will be a matter of record. And he testified quite extensively, so I can look back at that.”
*993 McCurdy argues that L.C. Properties has no standing to sue him. L.C. Properties contends that McCurdy did not raise the issue of its standing until he made his postjudgment motion and that Rule 17(a), Ala. R. Civ. P., the “real-party-in-interest” rule, allows it to be the named plaintiff. We agree with McCurdy that L.C. Properties has no standing.
The Alabama Supreme Court has stated:
“There are fundamental differences between the principles of ‘real party in interest’ and ‘standing.’ ‘ “[T]he real party in interest principle is a means to identify the person who possesses the right sought to be enforced. Therefore, the term directs attention to whether [the] plaintiff has a significant interest in the particular action he has instituted.” ’ Dennis v. Magic City Dodge, Inc., 524 So.2d 616, 618 (Ala.1988) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1542 (1971)).
“Standing, on the other hand, turns on ‘whether the party has been injured in fact and whether the injury is to a legally protected right.’ Romer v. Board of County Comm’rs of the County of Pueblo, 956 P.2d 566, 581 (Colo.1998) (Kourlis, J., dissenting) (emphasis added). See also NAACP v. Town of East Haven, 892 F.Supp. 46 (D.Conn.1995). ‘One has standing to bring his complaint into court “if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he will vigorously present his case.” ’ Smith v. Potts, 293 Ala. 419, 422, 304 So.2d 578, 580 (1974) (emphasis added).
[[Image here]]
“When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction. Barshop v. Medina County Underground Water Conservation District, 925 S.W.2d 618, 626 (Tex.1996) (‘Standing is a necessary component of subject matter jurisdiction’)....
“Because ‘[t]he lack of standing [is] a jurisdictional defect,’ the defect ‘cannot be cured nunc pro tunc back to the date when the original complaint was filed.’ Tyler House Apartments, Ltd., v. United States, 38 Fed. Cl. 1, 7 (Fed.Cl.1997). In other words, a pleading purporting to amend a complaint, which complaint was filed by a party without standing, cannot relate back to the filing of the original complaint, because there is nothing ‘back’ to which to relate.”
State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1027-28 (Ala.1999).
According to Property at 2018 Rainbow Drive, McCurdy could raise at any time the issue whether L.C. Properties had standing, and this court could even raise the issue ex mero motu. We conclude that L.C. Properties did not have standing to sue McCurdy for the alleged breach of the lease. As stated above, Ob-erhaus never testified that he owned an interest in L.C. Properties, and the court heard no evidence indicating that L.C. Properties had an interest in the lease with McCurdy. Oberhaus never attempted to substitute himself and Potts or O & P Properties as parties. Moreover, any substitution would not relate back to the filing of the complaint by L.C. Properties because “there is nothing ‘back’ to which to relate.” Property at 2018 Rainbow Drive, at 1028. We conclude, that based-on the evidence in the record, L.C. Properties did not have standing to sue McCurdy for breach of the lease.
Therefore, the trial court’s judgment awarding damages to L.C. Properties for McCurdy’s breach of the lease is reversed. The cause is remanded for the trial court to dismiss the action filed by L.C. Properties, insofar as it relates to McCurdy.
*994 REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
YATES, J., concurs specially.
MONROE and THOMPSON, JJ„ concur in the result.