This is an employee dismissal case. The case is before this court by writ of certiorari
Mr. Clifford Minton, the appellant, was employed as a construction equipment operator by the City of Birmingham. An altercation occurred during a municipal employees strike during which appellant allegedly pushed a City of Birmingham labor foreman. Appellant was charged with conduct unbecoming an employee in the public service and was dismissed by Mr Moncrief, the superintendent of the Street and Sanitation Department
Pursuant to Section 22 of the Personnel Board's Enabling Act[1], appellant appealed his dismissal to the Personnel Board of Jefferson County. The personnel board appointed a hearing officer before whom a full adversary hearing was held. At the hearing each party was represented by counsel and each party presented witnesses
The hearing officer, based upon the evidence presented at the hearing, recommended that appellant be suspended without pay for six months. The personnel board, however, did not accept the hearing officer's recommendations and, instead, affirmed the action of Mr. Moncrief in permanently terminating appellant
As provided by Section 22, appellant appealed the decision of the personnel board to the circuit court. There, a three-judge panel remanded the case to the personnel board for further action
On March 3, 1977, another full adversary hearing was held, this time before the full personnel board. After considering the evidence presented to it, the board entered an order sustaining the actions of Mr. Moncrief in terminating the employment of appellant. Mr. Minton again appealed to the circuit court and a three-judge panel affirmed the personnel board's decision
Appellant, through counsel, raises numerous grounds that, he contends, warrant reversal in this case. His main contentions are the following:
 (1) The Personnel Board violated appellant's constitutional rights by terminating his employment without granting any opportunity, prior to termination, to rebut the charges against him
 (2) Procedural failings in the termination of appellant violated appellant's rights
 (3) The three-judge panel failed to properly exercise its power to review the decisions of the Personnel Board
We will address each contention individually
(1) Right to pre-termination confrontation:
Appellant relies upon Thurston v. Dekle, 531 F.2d 1264 (5th Cir. 1976), as establishing his right to rebut the charges against him prior to termination. Prior to the termination of a city employee with a property right in his employment[2],Thurston requires that the employee be informed in writing of the reasons for termination and that the employee be given an effective opportunity to respond to the charges against him
The record clearly reflects that the demands of Thurston were not complied with in the case before this court. Appellant was never given any opportunity to answer the charges against him prior to his termination. However, both federal and state courts have held that pre-termination proceedings deficient under Thurston may be *Page 437 
cured by post-termination proceedings. Thompson v. Bass,616 F.2d 1259 (5th Cir. 1980); Glenn v. Newman, 614 F.2d 467 (5th Cir. 1980); Hendon v. City of Florence, ___ So.2d ___, Civ 2598 (Ala.Civ.App., February 4, 1981)
We hold that any deficiency in the pre-termination proceedings in the case before us was cured by the post-termination proceedings. Appellant was given an opportunity before both the hearing officer and the full personnel board to rebut the charges against him. At both hearings appellant was reasonably apprised of the charges against him and, through counsel, conducted a vigorous defense Also on each occasion appellant presented his own witnesses and had the opportunity to cross-examine opposing witnesses
We thus hold that appellant's first contention is without merit
(2) Procedural failings in appellant's termination:
Section 22 of the Personnel Board Enabling Act provides the procedure to be followed in terminating an employee. That Act provides, in pertinent part, the following:
 An appointing authority may dismiss or demote an employee holding permanent status for just cause whenever he considers the good of the service will be served thereby, for reason stated in writing, served on the affected employee. . .
Based upon the foregoing, appellant contends that he was not dismissed by the proper appointing authority. Specifically, appellant contends that the Mayor of the City of Birmingham alone was the appointing authority and the only person who could dismiss him
Section 4.06 of the Mayor-Council Act of 1953[3], in pertinent part, provides:
The mayor shall. . .
. . .
 (2) Appoint and, when necessary for the good of the service, remove all officers and employees of the city except as otherwise provided by this Act and except as he may authorize the head of a department or office to appoint and remove subordinates in such department or office. . .
Such Act clearly gives the mayor the ability to delegate his authority to appoint and remove employees. See Bearden vJohnston, No. 76-P-1098-S (N.D.Ala. May 5, 1977), aff'd percuriam, 595 F.2d 1219, (5th Cir. 1979). The record reflects that the mayor had delegated his authority to dismiss employees to Mr. Moncrief. Thus, Mr. Moncrief was an appointing authority who could properly dismiss appellant
Appellant next contends that he did not receive written notice as required by Section 22. The record reveals some attempt to mail appellant the Personnel Action form. Appellant claims he did not receive the Personnel Action form nor any other notice. We note, however, that appellant appealed his dismissal to the personnel board within the ten days prescribed by statute. Thus, even if appellant received no notice, he was not prejudiced by any failure of notice. Any failure of notice in this action does not affect the substantial rights of the parties and is therefore harmless error. Rule 61, A.R.C.P
 (3) Failure of three-judge panel to properly exercise its power of review:
Section 22 provides for a three-judge panel composed of circuit judges to review decisions of the personnel board Review on appeal to the three-judge panel is limited to questions of law and to a determination of whether the board's judgment is supported by substantial and legal evidence
The three-judge panel found, after a consideration of the record, that the personnel board's judgment was supported by substantial and legal evidence. The record reveals two witnesses who testified that appellant pushed or struck the labor foreman *Page 438 
The labor foreman testified he was pushed from behind and that appellant was the closest person to him
This court has previously held that review upon granting certiorari is limited to a consideration of the proper application of the law involved and whether the ruling below was supported by any legal evidence. Ex parte Smith,394 So.2d 45 (Ala.Civ.App. 1981). Based upon the foregoing discussion, we cannot say that the panel's affirmance of the board's judgment was not supported by legal evidence
This case is due to be affirmed
AFFIRMED
WRIGHT, P.J., and BRADLEY, J., concur
[1] Act No. 248, Acts of Alabama 1945, as amended by Act No. 562, Acts of Alabama 1947; Act No. 670, Acts of Alabama 1953; Act No. 1600, Acts of Alabama 1971.
[2] According to Thurston, a city employee acquires a property right in his job if he can be dismissed only for cause. This is not at issue in the case before us.
[3] Act No. 452, Acts of Alabama 1955.