462 So.2d 931 (1984)
James R. FLANNAGIN, as Administrator of the estate of William T. Flannagin, deceased
v.
Faye S. BAGGIANO, as Commissioner of Alabama Medicaid Agency.
Civ. 4298.
Court of Civil Appeals of Alabama.
August 29, 1984.
Rehearing Denied September 28, 1984.
Certiorari Denied February 1, 1985.
*932 Albert P. Brewer of Brewer, Lentz, Nelson & Whitmore, Decatur, for appellant.
Charles A. Graddick, Atty. Gen., and Tom Wright, Sp. Asst. Atty. Gen., for appellee.
Alabama Supreme Court 84-64.
PER CURIAM.
This is a case involving a determination of eligibility for Medicaid benefits.
The Circuit Court of Montgomery County, on a writ of certiorari, affirmed an order of the Alabama Medicaid Agency disqualifying appellant from Medicaid eligibility for a period of twenty-four months for a violation of Rule 560-X-25-.09 of the Alabama Medicaid Administrative Code (1982). From that order, appellant appeals.
In April 1983, appellant's son, James Flannagin, filed an application for Medicaid benefits for appellant and appellant's spouse. Medicaid denied benefits to both on the grounds that they had violated Rule 560-X-25-.09 of the Medicaid code by transferring property to which they had access in order to come within applicable Medicaid eligibility limits.
In June 1983, James Flannagin requested an administrative hearing to review the disqualifications. After such a hearing in July 1983, the hearing officer concurred with Medicaid's initial determination.
In August 1983, the hearing officer submitted his findings to the commissioner, who concurred with the findings, and notified appellant and his spouse.
In October 1983, suit was filed on behalf of both in the Circuit Court of Morgan County. After the commissioner was added as a party defendant, the case was transferred in December 1983 to the Circuit Court of Montgomery County, where venue was proper. Appellant's spouse subsequently withdrew as a party plaintiff, as it had become apparent that she would not require the benefits which she had been denied.
In April 1984, after an examination of the administrative record and briefs of the parties, the circuit court entered an order affirming Medicaid's decision. The case is now before this court by writ of certiorari.
The standard for judicial review upon granting certiorari is limited to a consideration of the proper application of the law involved and whether the ruling below was supported by any legal evidence. Minton v. Personnel Board of Jefferson County, 406 So.2d 435 (Ala.Civ.App.1981).
Appellant maintains that Medicaid improperly applied the law involved, and that the ruling was not supported by any legal evidence.
Alabama Medicaid Administrative Code Rule 560-X-25-.09 provides that a transfer of resources by an applicant for the purpose of establishing eligibility for Medicaid benefits shall result in disqualification from benefits for a twenty-four-month period. The rule further provides that any transfer for less than fair market value is presumed to be for the above purpose when the transfer occurs within twenty-four months of application, and, but for the transfer, the applicant would have excess resources. To rebut this presumption, the applicant must furnish convincing evidence that the transfer was exclusively for some other purpose. If the applicant fails to meet this burden, the disqualification must remain in effect.
*933 The transfer in question was a removal of $2,500 from a joint checking account, bearing on the signature card the names of appellant, William Flannagin, appellant's spouse, Gertrude, and appellant's sons, James and Rubert Flannagin. The account was opened in July 1979. The sons claimed that the money in the account was theirs, rather than their parents'. They stated that they personally cashed their parents' Social Security and other checks for them, then later deposited the same checks into the joint account, in effect subsidizing the parents' income. The appellant's sons contended that the money therefore belonged to them.
The $2,500 in question was removed from the joint account in January 1983, by a check payable to the Bank of Moulton. The check was signed by appellant and his son, James Flannagin, and was used to purchase a certificate of deposit which did not bear the name of appellant, but only those of Gertrude, James and Rubert Flannagin. Gertrude's name was subsequently removed from the certificate in March 1983.
It would appear that if a fraudulent representation or an omission of a material fact were made in an application for Medicaid benefits, legislation has been passed to remedy that situation. Ala.Code § 22-1-11 (1975). Fraud was not an issue in this case.
A discussion of Baggiano v. Miller, 437 So.2d 557 (Ala.Civ.App.1983), seems to be in order. In that case, the applicant for Medicaid benefits owned a joint checking account with her daughter. The amount of money in the account exceeded the eligibility requirement to receive Medicaid.
The daughter withdrew the funds from the joint account and the benefits were denied based on section 35-1-2, Ala.Code (1975). That section made all inter vivos gifts void if the donor is left without adequate means of support.
We stated in that case that there was no "gift" because the applicant did not transfer any money to the daughter. The money was in a joint checking account and the daughter simply withdrew funds as she had a legal right to do.
The facts seem to be similar in the case at hand. The applicant owned a joint checking account. His name, his wife's name, and the two sons' names were on the signature card. One son made a withdrawal of part of the funds in the account. This was clearly a right that he possessed as a joint owner. It cannot be said that the appellant made any type of "transfer," as he had no complete individual control over the funds and probably could not have stopped the withdrawal had he wished.
Additionally, Rule 560-X-25-.08 of the Alabama Medicaid Administrative Code is relied upon. This rule states that a joint checking account is a countable resource of the applicant if there is an "unrestricted" legal access to the account.
Under the instant facts, to include all funds from a joint checking account and attribute the entire balance to one of the parties seems to be an overly restrictive application of this rule. In this instance, if the same application were applied to the appellant's son, the entire amount could be attributed to him.
It seems clear that there was no "transfer" in this case by the appellant, and, therefore, Rule 560-X-25-.09 was not violated. Furthermore, it is error to give such a restrictive interpretation of Rule 560-X-25-.08 and apply all the funds in a joint banking account to only one owner.
For these reasons, this case is reversed and remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.
WRIGHT, P.J., dissents.
WRIGHT, Presiding Judge, dissenting.
I respectfully dissent.
The standard for judicial review in cases such as the one at bar is limited to a consideration of the proper application of the law involved and whether the ruling *934 below was supported by any legal evidence. Baggiano v. Miller, supra; Minton v. Personnel Board of Jefferson Co., 406 So.2d 435 (Ala.Civ.App.1981). The majority reverses on the grounds that the law was improperly applied.
The Medicaid program, established in 1965 as Title XIX of the Social Security Act, provides federal financial assistance to states that choose to reimburse certain costs of medical treatment for needy persons. Schweiker v. Gray Panthers, 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981). Each participating state develops a plan containing reasonable standards for determining eligibility for and the extent of medical assistance. 42 U.S.C. § 1396a(a)(17)(1982); Schweiker, supra. An individual becomes entitled to Medicaid when he fulfills the criteria established by the state of his residence. Medicaid plans instituted by the states must comply with requirements imposed by the act itself and by the Secretary of Health and Human Services. Schweiker, supra.
Congress explicitly delegated to the secretary extensive authority to issue regulations defining eligibility requirements for Medicaid. Participating states must grant benefits to eligible persons, taking into account only such resources as are available to the applicant as determined in accordance with standards that the secretary has prescribed. Schweiker, supra.
In view of this specific delegation of substantive authority, the secretary's definition of the term "available" is entitled to "legislative effect," rather than mere deference or weight. Schweiker, supra.
Under his authority, the secretary has defined a resource which is available to an applicant as one which an individual "owns and could convert to cash to be used for his support and maintenance." 20 C.F.R. § 416.1201(a)(1982). A liquid resource is further defined to include "cash in savings accounts or checking accounts." 20 C.F.R. § 416.1201(b)(1982). The regulation makes no differentiation between joint checking accounts and other types.
Rule 560-X-25-.09 of the Medicaid Code was adopted to incorporate the regulations issued by the secretary after Congress, concerned that Medicaid should continue to be available to the truly needy, passed Pub.L. 96-611, 94 Stat. 3567 (1980).
The Boren-Long Amendment, now 42 U.S.C. § 1382b(c), seeks to prohibit the disposal of resources in order to meet applicable eligibility limits for Medicaid. The secretary issued in 46 Fed.Reg. 51779 (October 22, 1981) (to be incorporated in 20 C.F.R. § 416.1246) a regulation designed to aid implementation of that amendment. Rule 560-X-25-.09, Alabama's transfer of assets rule, is modeled after that regulation.
The amendment, the federal regulation, and the Alabama rule all create a presumption that the transfer of an applicant's resources or interest therein for less than fair market value within twenty-four months of application for benefits is for the purpose of establishing eligibility, unless the applicant furnishes convincing evidence that the transfer was exclusively for some other purpose. This was where Medicaid found the elements of a prohibited transfer. There was a transfer from an account that has been defined as a resource; the transfer was made within four months of application; the transfer left the applicant eligible for benefits; and virtually no evidence was supplied in rebuttal by the appellant's sponsor, much less enough to meet the "convincing" standard.
In light of the foregoing, I cannot find that the agency or the circuit court misapplied the law in this case. It also appears that there was sufficient legal evidence to support a finding of a prohibited transfer and a subsequent denial of benefits. It appears to this writer that the decision of the majority places the burden of establishing the purpose of a transfer upon the state rather than upon the applicant. But see, Randall v. Lukhard, 729 F.2d 966 (4th Cir.1984). The door is opened for the use of joint accounts with transfers by one other than the applicant to be freely made without fear of disqualification. I would *935 affirm the finding of the agency and the court below.