Marshall Durbin Company (Durbin) operates a poultry processing plant in Jasper. The plant uses the sewer service provided by the publicly owned treatment works of the Jasper Utilities Board (Jasper). Durbin pays a user rate to Jasper. Jasper's treated sewage is discharged into Town and Cane Creeks.
Section 22-22-9 (j)(6), Code 1975, provides that a person must obtain a permit before discharging pollution into any Alabama waters. The Alabama Department of Environmental Management (Department) is the state agency responsible for issuing permits. § 22-22A-5 (10), Code 1975.
Since Jasper discharges waste water into Town and Cane Creeks, it is required to obtain a National Pollutant Discharge Elimination System (N.P.D.E.S.) permit authorizing such a discharge. In November 1984 the N.P.D.E.S. permit under which Jasper had been operating expired.
The Department issued a draft permit to Jasper in May 1985. The final N.P.D.E.S. permit was issued to Jasper in December 1985. These permits used the 7Q10 standard, which is "the minimum 7-day low flow that occurs once in 10 years."
The Environmental Management Commission (Commission) of the Department has seven members and is responsible for hearing and determining appeals of administrative actions, developing environmental policy of the state, and establishing, adopting, modifying, repealing, or suspending rules, regulations, and standards for the state. § 22-22A-6 (a), Code 1975.
In April 1985 Durbin petitioned the Commission to amend in part Section V of the Alabama Water Quality Criteria and Use Classifications which provided for the 7Q10 standard to be used for design flow criteria. Durbin contended that the more appropriate standard would be "the minimum 30-day low flow that occurs once in 5 years," which is known as 30Q5. Alternatively, Durbin asked for a variance for Town and Cane Creeks using the 30Q5 standard. Durbin enclosed affidavits and other data to support its petition.
Section 22-22A-8, Code 1975, sets out the procedure which must be followed to adopt, amend, or repeal rules, regulations, or standards. When the Commission held its meeting in May 1985, it was determined that there were no existing regulations to guide the Commission in deciding whether to engage in the rule-making process when called upon to do so through a petition filed by an interested party. The Commission appointed a special subcommittee to develop some criteria. Criteria were developed *Page 81 
by the subcommittee and adopted by the Commission.
Even though there is no document contained in the record wherein the Commission adopted the subcommittee's recommendation, both parties agree that the Commission adopted the recommendation at its July 1985 meeting.
After its petition was dismissed by the Commission, Durbin filed a complaint with the Jefferson County Circuit Court. Motions to dismiss were filed by the Department and the Commission. Arguments on the motions were held and the trial court issued its order granting the motions to dismiss in January 1986. The trial court's order stated in pertinent part:
 "It is the opinion of the Court that ultimately the decision of the state administrative agencies involving the issuance of the National Pollutant Discharge Elimination System Permit No. AL0023418 will be subject to being reviewed by the Courts on a writ of certiorari. However, prior to such review the Plaintiff is required to have exhausted his administrative remedies, and, thus, the Court finds that review by certiorari is not appropriate at this time. It is further the opinion of the Court that the motions to dismiss are due to be granted as to all other issues raised by the Plaintiff in this cause."
Durbin filed a motion for reconsideration, which was denied. This appeal followed.
The dispositive issue on appeal is whether the trial court erred by refusing to review the action of the Commission. When reviewing the trial court's grant of a motion to dismiss, this court will take the allegations most strongly in favor of the plaintiff and determine if he could have proved any set of facts in support of his claim which would entitle him to relief. Phillips v. Opp Micolas Cotton Mills, Inc.,445 So.2d 927 (Ala.Civ.App. 1984). If the trial court was correct in granting the motions to dismiss, then this decision will be upheld even if a wrong reason was given. Wagnon v. Boggs,460 So.2d 183 (Ala.Civ.App. 1984).
As noted above, the trial court granted the motions to dismiss because Durbin had not exhausted its administrative remedy. While it is true that Durbin has several options pending dealing with this situation, this particular action dealt with Durbin's petition to the Commission requesting a rule change or variance of the design flow criteria. After the Commission dismissed Durbin's petition on the basis that it did not meet the criteria to commence the Commission's rule-making activity, Durbin had no other administrative remedy available to it. Its forum for relief, if any it had, was the court.
Although Durbin asserts that the Commission's action could be reviewed by an appeal, we are unable to find any statutory basis for such contention. Durbin also argues that the trial court had other vehicles for relief that it could have used to review the Commission's action. We do not consider it necessary to examine these other methods of review, because we believe that the writ of certiorari was available to Durbin to review the Commission's order.
The general rule is that a common law writ of certiorari can be awarded when there is no adequate remedy by appeal. (No appeal from the Commission's action was authorized by sections22-22A-1 through -15, Code 1975.)
The standard of review in implementing a writ of certiorari is the proper application of the law involved and whether the ruling below was supported by any legal evidence. Flannagin v.Baggiano, 462 So.2d 931 (Ala.Civ.App. 1984).
In the case at bar the trial court indicated that review by certiorari would be available to Durbin after the administrative process had been completed. However, as we have decided, Durbin had exhausted the administrative remedies available to it for seeking a rule change, and the trial court should have considered its request for certiorari to review the Commission's decision. For this error, the trial court's judgment is *Page 82 
reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.