This case arises out of an application for Medicaid benefits, a subsequent denial of the applicant's request, and, finally, a circuit court order reversing the Alabama Medicaid Agency's decision to deny the benefits.
Eva Light applied for and was denied Medicaid benefits by the Alabama Medicaid Agency (the Agency) on the ground that she possessed resources totaling more than those allowed under the Agency's eligibility rules. Specifically, Light's name appeared on four certificates of deposit which, if included in the figure reflecting Light's available resources, would result in her exceeding the available resource limit.
Following the Agency's denial of benefits, Light was afforded a hearing on the question of eligibility. The hearing officer, after having received all the evidence in the case, recommended that Light be declared ineligible for benefits. The Agency then issued its final decision, concurring with the hearing officer's recommendation.
Pursuant to section 41-22-20, Code 1975, Light appealed this decision to the circuit court located in the county of her residence. The Walker County Circuit Court accepted briefs from both the Agency and Light on the matter and subsequently issued an order reversing the Agency's determination of ineligibility.
The Agency appeals.
The circuit court's standard of review in cases involving administrative agencies is limited. Alabama Medicaid Agency v.Norred, 497 So.2d 176 (Ala.Civ.App. 1986). Specifically, section 41-22-20(k), Code 1975, provides that an "agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute." In short, the circuit court must attribute to the Agency's decision a presumption of correctness. Norred, supra.
The Agency maintains that the circuit court usurped its limited review function *Page 108 
and improperly substituted its judgment for that of the Agency regarding Light's access to the certificates of deposit.
If an applicant for Medicaid benefits has unrestricted legal access to certificates of deposit, the instruments are properly included in the figure reflecting the applicant's total available resources. Alabama Medicaid Agency Rule No.560-X-25-.08.
Both the hearing officer and the Agency determined that Light had the required unrestricted legal access.
We now review whether that determination was prima facie just and reasonable. See, § 41-22-20(k), Code 1975. If, in light of the evidence, it was reasonable to conclude that Light had the required unrestricted legal access, then we must reverse the circuit court's order and affirm the Agency's decision to deny benefits. Norred, supra. We may not, however, substitute our judgment — nor could the circuit court substitute its judgment — for that of the Agency when weighing the evidence. Norred,supra; § 41-22-20(k), Code 1975.
The Agency found that four certificates of deposit were issued by Central Bank in Birmingham, Alabama, with each one bearing Light's name. The total amount of the certificates of deposit was $14,600. Alabama Medicaid Agency Rule No.560-X-25-.06 establishes as its resource limit $1,600.
Although Light's social security number had appeared on the instruments, her social security number was replaced with the numbers of her daughters on January 1, 1983. The children paid the income tax which resulted from the certificates.
The Agency also found that the certificates of deposit were purchased with money derived from the sale of land owned by Light's husband at his death. Light's children testified that their mother's name was placed on the certificates of deposit for the sole purpose of providing her with income if they died. However, the face of the certificates of deposit failed to reveal such a limitation on the mother's interest in the certificates of deposit.
Further, the certificates of deposit were kept in Light's son's safe-deposit box. Access to the instruments required obtaining his permission.
According to Light's children, the interest income earned from the certificates was used to supplement Light's otherwise inadequate Social Security income. On April 8, 1983 Light had requested by letter that the bank remove her name from the certificates of deposit. The bank failed to do so, and, according to Light's son, its failure was not discovered until after the application for benefits was submitted.
Based on the evidence presented to it, the Agency then decided that Light was ineligible for benefits. In support of its decision the Agency cited Flannagin v. Baggiano,462 So.2d 931 (Ala.Civ.App. 1984), for the proposition that once an applicant has money placed in an account in which she has a legal interest that money may be designated as a resource of the applicant.
We have examined Flannagin, supra, and find that it does not stand for the rule of law espoused by the Agency. In Flannagin
the applicant, his wife, and two sons had a joint bank account. The appellant and one of the sons withdrew $2,500 from the account. The $2,500 was used to purchase a certificate of deposit with the names of the two sons and the applicant's wife on the certificates. Medicaid denied benefits on the ground that the money was transferred to enable applicant to be eligible for Medicaid benefits.
We held not only that the son's withdrawal of the funds did not constitute a transfer of funds in violation of a Medicaid rule, but also was clearly his right as a joint owner.Flannagin, supra. In addition, we stated that "to include all funds from a joint checking account and attribute the entire balance to one of the parties" would be too narrow an interpretation of Rule 560-X-25-.08. Flannagin, supra.
Also in Flannagin we noted that if the rule were afforded this "overly restrictive application," then the other joint owner, if he or she applied for Medicaid benefits, would also have the entire account attributed *Page 109 
to him or her. Consequently, we concluded that the funds in the Flannagins' joint checking account could not be attributed to any one owner.
In the case at bar Light's name was on the certificates of deposit along with other names, although she had requested the bank in writing more than two years previously to delete her name from the certificates of deposit. Even though Light's name still appeared on the certificates of deposit, the circuit court properly concluded that Light could not be considered as the owner of the $14,600 represented by the certificates of deposit and thus in violation of Rule 560-X-25-.08. As we said in Flannagin, to do so would "be an overly restrictive application" of the above rule.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.