537 So.2d 490 (1987)
MARSHALL DURBIN & COMPANY OF JASPER, INC.
v.
ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT and Jasper Utilities Board.
Civ. 5625.
Court of Civil Appeals of Alabama.
April 29, 1987.
Rehearing Denied June 10, 1987.
*492 C. Lee Reeves and Barry A. Ragsdale of Sirote, Permutt, McDermott, Slepian, Friend, Friedman, Held & Apolinsky, Birmingham, for appellant.
Olivia Hardy Hudgins and David A. Ludder, Montgomery, for appellee.
PER CURIAM.
This case involves an appeal from the Circuit Court of Jefferson County's dismissal of plaintiff Marshall Durbin's action before the Environmental Management Commission (Commission).
Marshall Durbin & Company of Jasper (Marshall Durbin) operates a poultry processing plant in Jasper, Alabama and discharges wastes into a sewage treatment plant operated by the Jasper Utilities Board (the Board). During the summer of 1985 the Board decided to expand its sewage treatment facilities. In order to finance the project, the Board procured federal monies; however, it was unable to completely finance the project with the federal money received. The Board, therefore, decided to raise the rates it charged all users of the new sewage treatment facility.
On December 5, 1985 the Alabama Department of Environmental Management (Environmental Management) issued a final National Pollutant Discharge Elimination System permit (NPDES permit) to the Board, implementing a more stringent pollution discharge standard. On December 12, 1985 Marshall Durbin filed with the Commission a request for a hearing for the purpose of challenging the final NPDES permit which Environmental Management issued to the Board. On December 15, 1985 Environmental Management filed a motion to dismiss Durbin's action before the Commission on the ground that Marshall Durbin lacked standing to challenge the agency action. After allowing oral argument the Commission voted to dismiss Marshall Durbin's action.
On January 27, 1986 Marshall Durbin appealed the Commission's dismissal of the order to the Circuit Court of Jefferson County, Alabama. Additionally, Marshall Durbin filed a three-count complaint in the circuit court challenging the constitutionality of Environmental Management's NPDES permit issued to the Board.
The defendants subsequently filed their motion to dismiss Marshall Durbin's appeal and complaint before the circuit court. On August 6, 1986 the circuit court dismissed Marshall Durbin's appeal and corresponding complaint on the basis that Marshall Durbin lacked standing to challenge the issuance of the new NPDES permit.
Marshall Durbin now appeals the order of the circuit court and raises four contentions of error. First, Marshall Durbin argues that the circuit court erred in holding that it lacked standing to challenge the implementation and constitutionality of the NPDES permit. Second, Marshall Durbin asserts that the trial court erred in holding that venue was improper in Jefferson County. Third, Marshall Durbin contends that the trial court erroneously concluded that the issues involved in the present case were the subject of a prior pending action. Finally, Marshall Durbin argues that the circuit court erroneously denied one of its motions to amend its complaint.
At the outset, we note that section 22-22A-7(c)(6), Code 1975, provides, in pertinent part:
"Any order of the environmental management commission ... modifying, approving or disapproving the department's administrative action, constitutes a final action of the department and is appealable...." *493 § 22-22A-7(c)(6), Code 1975 (emphasis added). Therefore, only Commission orders which on their face modify, approve or disapprove of agency actions constitute appealable orders. See, § 22-22A-7(c)(6), Code 1975.
In the present case, however, the Commission's order neither modified, approved, nor disapproved of any action of Environmental Management. Rather, the Commission merely held that Marshall Durbin lacked standing to challenge the issuance of a new NPDES permit to the Board. The Commission's ruling, therefore, does not constitute a final order from which a statutory appeal will lie pursuant to section 22-22A-7(c)(6).
The general rule regarding judicial review in cases in which no adequate remedy by appeal exists is that the courts may nonetheless review rulings below by common-law petition for writ of certiorari. See, Marshall Durbin & Co. v. Environmental Management Commission, 495 So. 2d 79 (Ala.Civ.App.1986). The standard of review in such cases is whether the court below properly applied the law involved and whether its actual ruling is supported by any legal evidence. See, Flannagin v. Baggiano, 462 So.2d 931 (Ala.Civ.App. 1984). Therefore, our review of the circuit court's order as well as the circuit court's review of the Commission order is limited to whether the actual ruling of the tribunal below is supported by any legal evidence. Flannagin v. Baggiano, supra.
We have carefully reviewed the order of the circuit court as well as that court's actual ruling contained therein. The circuit court, in effect, affirmed the Commission's order dismissing Marshall Durbin's challenge to the new NPDES permit for lack of standing. The circuit court also held that venue in Jefferson County was improper, but that Marshall Durbin's lack of standing mooted this issue. Therefore, based upon our review of the trial court's opinion and order, we believe that the dispositive issue governing this case is whether Marshall Durbin had standing to challenge the issuance of the new NPDES permit.
As a general rule, the question of standing to bring an action is one which focuses upon the party seeking relief rather than upon the issues that party wishes to have adjudicated. See, Smith v. Potts, 293 Ala. 419, 304 So.2d 578 (1974). One asserting standing to challenge either an action of an administrative agency or a statute must show how he will be prejudiced by the agency action or statute as well as how he will benefit from the relief sought. See, Smith v. Potts, supra; see also, Marshall Durbin Co. v. United States Environmental Protection Agency, 788 F.2d 1490 (11th Cir.1986).
In the present case Marshall Durbin contends that it has standing to challenge the actions of the Department of Environmental Management either because of section 22-22A-7(c)(6) or because of constitutional principles which it raised in its complaint in the circuit court.
In the present case Marshall Durbin initially filed a three-count complaint in the circuit court alleging that the new NPDES permit issued by Environmental Management constituted a violation of substantive due process. Marshall Durbin also challenged the issuance of the permit pursuant to section 22-22A-7(c). Marshall Durbin now asserts that it has standing to challenge the issuance of the new NPDES permit either because of its constitutional challenge to the permit's issuance or because of its statutory challenge.
As a general proposition, a party asserting that it has standing to challenge a certain action must demonstrate that it has sustained some actual or threatened injury as a result of the defendant's unconstitutional conduct, that the injury was caused by the allegedly unconstitutional action, and that the injury is likely to be redressed by favorable decision. See, Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Additionally, a party's failure to establish any one of these criteria is fatal to its assertion of standing. See, Harrington v. Bush, 553 F.2d 190 (D.C.Cir.1977).
*494 In the present case Marshall Durbin lacks standing to mount a constitutional due process attack against the issuance of the new NPDES permit because it cannot prove that its injury will be redressed by a favorable decision either before this court, before the circuit court, or before the Commission. The increase in sewage rates about which Marshall Durbin complains was directly brought about by the Board's decision to build a new sewage treatment plant. Thus, even if this court were to grant the relief requested by Marshall Durbin, and the new NPDES permit were to be revoked by the Commission, Marshall Durbin's sewage rates would still not decline because the source of those rate increases, the new sewage treatment facility, has already been built and now must be paid for. For this reason, even though Marshall Durbin has suffered an injury, it cannot prove that the relief it requests will rectify that injury; therefore, Marshall Durbin lacks standing to mount a due process assault against the issuance of the new NPDES permit.
Marshall Durbin also contends that it has standing to challenge the issuance of the new NPDES permit under section 22-22A-7(c). Section 22-22A-7(c) provides, in pertinent part: "[A]ny person aggrieved by an administrative action of the department shall be entitled to a hearing before the environmental management commission or its designated hearing officer." (Emphasis added.)
As previously stated, the record reveals that Marshall Durbin's sewage rates increased as a direct result of the Jasper Utilities Board's desire to expand the treatment facility rather than the implementation of the new NPDES standard by the Department of Environmental Management. The evidence demonstrates that the Jasper Utilities Board decided to expand the sewage treatment facility at least partially as a result of its own business judgment rather than as a direct result of the issuance of the new NPDES permit. Additionally, the evidence reveals that the Board decided to expand its treatment facilities before the new NPDES permit was issued. Thus, even though Marshall Durbin has sustained a cognizable injury, that injury was not inflicted by the Commission. For this reason, Marshall Durbin lacks statutory standing pursuant to section 22-22A-7(c).
Marshall Durbin, therefore, lacks standing to challenge the new NPDES permit on the basis of a constitutional due process violation because Marshall Durbin cannot show that it will benefit from the relief requested. Additionally, Marshall Durbin lacks statutory standing to challenge the issuance of the new permit because it is unable to show that the injury which it sustained was directly inflicted by an administrative action. See, § 22-22A-7(c), Code 1975.
We, therefore, affirm the judgment of the circuit court dismissing Marshall Durbin's appeal for lack of standing.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.
INGRAM, J., dissents.
INGRAM, Judge (dissenting):
I respectfully dissent from the majority holding in this case.
The principal issues here are standing and venue, although venue would require consideration only if the question of standing is resolved in favor of appellant Marshall Durbin.
Marshall Durbin presents two arguments by which it maintains it has standing to obtain access to either an administrative or judicial forum for the purpose of being heard on the merits of the effluent discharge standard now imposed upon it by the Alabama Department of Environmental Management (the NPDES discharge permit) through the Jasper Utilities Board.
One argument advanced by Marshall Durbin is that it has standing to challenge the constitutionality of an administrative order issued by Environmental Management to the Board which sets an overly stringent standard for effluent discharge, resulting in the cost of Marshall Durbin's sewer services to the Board being almost doubled. Marshall Durbin contends that *495 such action by Environmental Management constituted a legally cognizable injury to Marshall Durbin in that the imposition of the 7Q10 effluent discharge standard amounted to an unreasonable, arbitrary, and capricious administrative action of Environmental Management and the Commission. This issue is raised in count I of Marshall Durbin's complaint in the present case. It is also embraced in count III of Marshall Durbin's complaint against these defendants in another case now pending in the Jefferson County Circuit Court. I would therefore hold that this question of standing is not exclusively before us, since its pendency elsewhere prevents our addressing it here. § 6-5-440, Code of Ala. 1975.
The next argument presented by Marshall Durbin on standing is grounded in its insistence that it is a "person aggrieved," as defined by the statutes and regulations governing Environmental Management and the Commission, and therefore it has standing. I find merit in this argument.
It appears without dispute that the 7Q10 effluent discharge standard imposed by Environmental Management on Marshall Durbin through the Board is more stringent than the previous standard and more stringent than the alternate 30Q5 standard proposed by Marshall Durbin. It is also without dispute that imposition of the new 7Q10 standard has caused Marshall Durbin to pay substantially more for sewer services from the Board. It then follows that Marshall Durbin is a "person aggrieved" and therefore was entitled to a hearing before the Commission on the question of which standard for effluent discharge should be adopted by Environmental Management. Yet the Commission granted defendants' motion to dismiss Marshall Durbin's appeal of Environmental Management's action. The result of the Commission's dismissal of Marshall Durbin without a hearing could have no significance but to approve Environmental Management's imposition of the 7Q10 standard on Marshall Durbin and the Board's other rate payers.
The majority here holds that "only Commission orders which on their face modify, approve or disapprove of agency actions constitute appealable orders." I disagree. Regardless of the form of the Commission's dismissal of Marshall Durbin's proceedings, the substance of such dismissal effectively denied Marshall Durbin a hearing to challenge, at the administrative level, the newly imposed 7Q10 standard. I do not understand § 22-22A-7(c)(6), Code of Ala. 1975, to require the Commission to issue a writing which on its face is a ruling in order that an appeal can be taken to the circuit court. The dismissal of Marshall Durbin in this case by the Commission could be no less than a de facto approval of Environmental Management's administrative action, the result of which is just as decisive to Marshall Durbin as would be a detailed written order.
The statutes and regulations governing the Commission grant standing to any person aggrieved by an administrative action of Environmental Management. See § 22-22A-7(c), Code; § 2-1-.02, -.03, -.04, Rules and Regulations of Environmental Management.
While I am unable to find any reported cases interpreting the meaning of "person aggrieved" as used in the Alabama Environmental Management Act and Environmental Management's regulations, the term is given broad construction in many courts. Trafficante v. Metropolitan Life Ins. Co., 409 U.S. 205, 209-10, 93 S.Ct. 364, 366-67, 34 L.Ed.2d 415 (1972); North American Savings Ass'n v. Federal Home Loan Bank Board, 755 F.2d 122, 125 (8th Cir.1985). This rule of liberal construction is intended to allow at least some forum in which an administrative agency's actions can be challenged. National Resources Defense Council v. Nuclear Regulatory Comm'n, 666 F.2d 595, 601-02, n. 42 (D.C. Cir.1981).
The liberal construction rule prevalent in other jurisdictions is compatible with our policy in this state that the law favors appeals and that a hearing or review on the merits is favored over dismissal or other disposition. Battles v. San Ann Service, Inc., 441 So.2d 925 (Ala.Civ.App.1983); Willis v. Buchman, 30 Ala.App. 33, 199 So. 886 (1940). Other authoritative sources also define the term "person or party aggrieved" broadly. Black's Law Dictionary 60 (5th ed. 1979), defines an aggrieved *496 party as "one whose legal right is invaded by an act complained of, or whose pecuniary interest is directly affected by a decree or judgment." (Emphasis added.) The definition of "person aggrieved" contained in Environmental Management's regulations makes no mention of legal injury. All that is required is a "threatened or actual injury in fact." § 2-1-.02(b), Rules and Regulations of Environmental Management.
I would hold that Marshall Durbin was entitled to a hearing before the Commission on the question of implementation of the more stringent 7Q10 discharge standard mandated by Environmental Management. The substantial increase of Marshall Durbin's rates to the Board under this new standard constitutes the aggrievement necessary to provide standing to Marshall Durbin. When the Commission refused to give Marshall Durbin a hearing, Marshall Durbin was then entitled to appeal to the circuit court.
I would hold that venue lies in the Jefferson County Circuit Court in accordance with the express grant of venue provision contained in § 22-22A-7(c)(6), and that Marshall Durbin's complaint should survive defendants' motion to dismiss.