ALMON, Justice.
Marshall Durbin & Company of Jasper, Inc., petitioned this Court for a writ of certiorari, seeking review of the affirmance by the Court of Civil Appeals, 537 So.2d 490 of the judgment of the Circuit Court of Jefferson County. The circuit court dismissed Marshall Durbin’s appeal from the dismissal of its action before the Environmental Management Commission (“EMC”).
On December 5, 1985, the Alabama Department of Environmental Management (“ADEM”) issued a final National Pollutant Discharge Elimination System (“NPDES”) discharge permit to the Jasper Utilities Board (“JUB”) concerning JUB’s sewage treatment plant. One of the standards used by ADEM in determining the amount of pollutants that JUB is allowed to discharge from its sewage treatment plant into Town Creek is known as “7Q10.” The 7Q10 standard provides that the basis for design criteria is the average 7-day low flow of water in the creek that occurs in a 10-year period.
On December 12, 1985, Marshall Durbin filed with the EMC a notice of appeal from ADEM’s issuance of the permit, alleging that the standard used by ADEM is too strict. Marshall Durbin argued that ADEM should have used a standard known as “30Q5,” or the average 30-day low flow over a five-year period, instead of 7Q10. Marshall Durbin claimed that JUB was forced to build a new sewage treatment plant because ADEM used 7Q10 instead of 30Q5. Marshall Durbin further asserted that its annual sewer rates were increased by approximately $85,000 because JUB was forced to build the new sewage treatment plant.
On December 17, 1985, ADEM filed a motion to dismiss Marshall Durbin’s appeal to the EMC. On January 8, 1986, the EMC granted ADEM’s motion. On January 27, 1986, Marshall Durbin filed in the Circuit Court of Jefferson County a “complaint for declaratory judgment and appeal from the Environmental Management Commission’s adverse administrative order.” ADEM and the EMC filed motions to dismiss the action, which were granted by the court. Both the EMC and the trial court dismissed Marshall Durbin’s complaint primarily on the basis that Marshall Durbin lacked standing to challenge the issuance of the NPDES permit. The Court 'of Civil Appeals affirmed, and this Court granted cer-tiorari.
Marshall Durbin asserts that the Court of Civil Appeals erred in holding that it lacks standing to attack the issuance of the NPDES permit. This Court has held that “one has standing to bring his complaint into court if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he will vigorously present his case.” Smith v. Potts, 293 Ala. 419, 422, 304 So.2d 578, 580 (1974). See also Realty Growth Investors v. Commercial & Indus. Bank of Memphis, Tenn., 370 So.2d 297 (Ala.Civ.App.1979). Furthermore, to be a proper party plaintiff, the party must have “an interest in the *498 right to be protected.” Davis v. Southern United Life Ins. Co., 494 So.2d 48 (Ala. 1986); Eagerton v. Williams, 433 So.2d 436 (Ala.1983); Bagley v. City of Mobile, 352 So.2d 1115 (Ala.1977).
It is abundantly clear that Marshall Dur-bin will vigorously present its case. Marshall Durbin’s willingness to pursue this case to the extent that it already has is one indication of its stake in the case. Marshall Durbin has a great deal of money at stake due to the increase in its sewer rates.
In addition to having standing under the principles of the cases cited above, Marshall Durbin has standing under Ala. Code (1975), § 22-22A-7, which reads in pertinent part:
“(c) Upon a proper request made in accordance with subdivision (1) or (2) of this subsection, any person aggrieved by an administrative action of the department shall be entitled to a hearing before the environmental management commission or its designated hearing officer.
[[Image here]]
“(6) Any order of the environmental management commission made pursuant to the above procedure, modifying approving or disapproving the department’s administrative action, constitutes a final action of the department and is appealable to the Montgomery county circuit court or the circuit court in which the applicant does business or resides for judicial review on the administrative record.”
ADEM argues that the ruling of the EMC was not an order “modifying, approving, or disapproving” ADEM’s action and that Marshall Durbin therefore does not have standing to appeal the order of the EMC.
The Court of Civil Appeals held that “only Commission orders which on their face modify, approve or disapprove of agency actions constitute appealable orders.” We disagree and adopt the reasoning of Judge Ingram, in his dissenting opinion, that the dismissal of Marshall Durbin is a de facto approval of ADEM’s action because it effectively denies Marshall Dur-bin a hearing on its challenge to the permit issued to JUB.
Additionally, Marshall Durbin has standing under ADEM Admin.Code Rule 335-2-1-.03, which states:
“Upon a proper request made and filed in accordance with Rule 335-2-1-.04, any person aggrieved by an administrative action of the Department shall be entitled to a hearing before the Commission or its designated Hearing Officer.”
ADEM Admin.Code Rule 335-2-l-.02(b), defines “aggrieved” as “having suffered a threatened or actual injury in fact.” At the time that Marshall Durbin filed its appeal to the EMC, it was threatened with having its annual sewer rates increased by about $85,000. It may be true, as the Court of Civil Appeals stated, that the EMC cannot require JUB to tear down its new treatment plant, and that this action therefore cannot result in a lowering of the rates necessary to recover the capital costs of building the plant. Marshall Durbin argues, however, that JUB’s operating costs, and therefore its rates, may be lowered if Marshall Durbin is successful in its challenge to the NPDES permit. We agree that this argument shows that Marshall Durbin has suffered a threatened or actual injury in fact.
In a supplemental order, the trial court stated that Marshall Durbin’s claim was due to be dismissed because Marshall Durbin had a prior pending action involving the same substantive issues. Although the Court of Civil Appeals did not rule on this question, we note that it does not provide grounds for affirmance. In the other action, Marshall Durbin
“petitioned the [EMC] to amend in part Section V of the Alabama Water Quality Criteria and Use Classifications which provided for the 7Q10 standard to be used for design flow criteria. ... Alternatively, [Marshall] Durbin asked for a variance for Town and Cane Creeks using the 30Q5 standard.”
Marshall Durbin & Co. of Jasper v. Environmental Management Comm’n, 495 So.2d 79, 80 (Ala.Civ.App.1986). That case turned on the fact that Marshall Durbin was petitioning the EMC “to engage in the rule-making process.” Id. The present challenge to the JUB NPDES permit *499 presents questions that could not be raised in the rule-making proceeding.
No other ground is presented to justify the EMC’s dismissal of Marshall Durbin’s appeal from the issuance of the permit. Therefore, the Court of Civil Appeals erred in affirming the judgment of the circuit court. The judgment of the Court of Civil Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
JONES, ADAMS, HOUSTON and STEAGALL, JJ., concur.