**Hugh F. HOLLINRAKE,**
**Petitioner–Appellant,**

v.

**IOWA DEPARTMENT OF HUMAN SERVICES, Respondent–Appellee.**

No. 87–970.

Court of Appeals of Iowa.

May 23, 1989.

Hugh F. Hollinrake, Adair, pro se.

Thomas J. Miller, Atty. Gen., and Valencia Voyd McCown, Asst. Atty. Gen., for respondent-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

This is an appeal from a trial court affirmance of an agency decision finding petitioner-appellant Hugh F. Hollinrake had received food stamps of $197 to which he was not entitled. We must determine whether the trial court was correct in affirming the agency decision finding bank accounts held by petitioner and his adult son as joint tenants and partnership bank accounts were resources available to petitioner. We find the agency failed to follow the dictates of an earlier trial court decision and incorrectly interpreted the law of ownership. We affirm in part, reverse in part, and remand to the agency.

Our review of a district court decision when ruling in judicial review of an agency is well defined in *Osborne v. Iowa Natural Resources Council*, 336 N.W.2d 745, 748 (Iowa 1983).

The issue of focus is whether partnership accounts and joint tenancy accounts should be totally attributable to a single partner or a single joint tenant in assessing resources to determine eligibility for food stamps. This matter comes to us after two administrative hearings and two appeals to district court. While the real issue does not clearly emerge from this administrative maze, we determine the department appears to take the position any partnership or joint tenancy bank account which includes the name of a food stamp applicant is totally attributable to the applicant and the applicant bears the burden of proving by a preponderance of the evidence the account is not available to him. The agency held petitioner Hallenrake failed to meet that burden of proof and therefore all accounts were totally attributable to him.

The first appeal to the trial court was heard by Judge Gamble, who determined there was no substantial evidence to support the agency's findings that a joint account and a partnership account were available to petitioner. Judge Gamble determined the overwhelming evidence, including the department's own documentation, established the accounts were either joint accounts or partnership accounts, and a legal analysis of the intent of the owners of said accounts was necessary to determine whether such resources are inaccessible to that household.

Judge Gamble remanded to the agency for a recalculation of petitioner's available resources. Judge Gamble determined petitioner's substantial rights had been prejudiced and suggested to the agency that petitioner, who has appeared pro se in this proceeding, should be notified of his burden of proof. The case went back to the agency which made another decision holding the accounts were totally available to petitioner. This decision was affirmed by a different trial judge. From that order appeal is taken.

We find the agency failed to follow the dictates of Judge Gamble's decision and applicable law.

Joint Tenancy Bank Accounts

Certain of the accounts were determined to be joint tenancy accounts in the name of petitioner and his adult son. For funds to be available for petitioner they must be owned by him. *See Anderson v. Iowa Dep't of Human Servs.*, 368 N.W.2d 104, 109 (Iowa 1985). There is a rebuttable presumption each joint tenant owns an equal share in a joint tenancy account, and to rebut the presumption of equal shares calls for clear and convincing evidence. *Anderson*, 368 N.W.2d at 109; *Frederick v. Shorman*, 259 Iowa 1050, 1056, 147 N.W.2d 478, 482 (1966).

■ While petitioner had the authority to withdraw all the funds, this did not establish his ownership of the entire account. The agency, and the trial court in affirming their decision, erred in determining petitioner had the burden of establishing the entire account was not available to him.

■ We agree there is substantial evidence to support the agency's determination petitioner failed to rebut the presumption he owned fifty percent of the joint tenancy account. We therefore affirm that part of the agency and trial court

decisions determining petitioner owns and has available to him for food stamp purposes one-half interest in the joint tenancy accounts. We further determine there is not substantial evidence to rebut the presumption the other joint tenant owns the other one-half. We reverse that portion of the agency's decision that is contrary.

### Partnership Accounts

Judge Gamble determined the other accounts were partnership accounts. A partner is a co-owner with the other partners of specific partnership property holding as a tenant in partnership. Iowa Code § 544.25(1) (1987). The partner's interest in the partnership is the partner's share of the profits and surplus. Iowa Code § 544.26.

■ We agree with the petitioner he does not own the partnership bank accounts. The partnership owns the partnership bank accounts. But the inquiry as to assets available to petitioner does not end here because petitioner's interest in the partnership is an asset owned by him.

■ The uncontroverted evidence in the record is petitioner has a right to fifty percent of the partnership profits and surplus. Consequently he owns a fifty percent interest in the partnership. *See* Iowa Code § 544.26 (1987). The value of his interest in the partnership is not measured by an interest in isolated assets but fifty percent of any excess of the total assets over total liabilities.

The agency, however, was advised of the partnership and has already assessed petitioner's interest in the partnership in the application. We therefore agree with petitioner it was error to consider the partnership account as an asset available to him.

We remand to the agency to recalculate petitioner's eligibility for food stamps based on petitioner's having ownership of, and assets available to him of, one-half the joint tenancy bank accounts. The partnership accounts shall not be considered by the agency to be owned by or available to petitioner. The agency shall then determine the amount, if any, to which petition-

er received food stamps to which he was not entitled and enter judgment against petitioner for the amount, if any, so determined.

Costs on appeal are taxed one-half to each party.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.