ROBERTSON, Judge.
This case questions a determination of ineligibility for food stamps made by the State Department of Human Resources (DHR).
In early 1987, Alberta Wood filed an application with DHR for recertification of food stamp benefits. Later, she was notified that her benefits were being terminated due to her accessibility to a resource that exceeded her limits. She requested and was granted an administrative hearing to contest the DHR decision. The administrative decision was to uphold the DHR decision to terminate her benefits, and she appealed that decision for judicial review in the circuit court pursuant to Ala.Code 1975, § 41-22-20. Ultimately, the trial court granted Wood’s motion for summary judgment, reversed the administrative decision, and ordered that Wood’s food stamp benefits be restored. DHR appeals.
The dispositive issue is whether Wood had an ownership interest or complete access to funds in a joint savings account held with her son, that constitutes a resource, rendering her ineligible for food stamp benefits.
DHR contends that Wood had complete access to a joint savings account which exceeded her resource limit of $3000. When processing Wood’s application for re-certification, DHR obtained a bank clearance form indicating a balance of $6317.93 in a savings account for “Alberta or Lonnie L. Wood.” Lonnie is Wood’s son. DHR contends that the entire reported bank balance is accessible to Wood, and, because it exceeds the resource limit, that she is not eligible for food stamp benefits.
A review of the record reveals that Wood applied for recertification of food stamp benefits in early 1987, indicating that her name was on a bank account with her son’s name, and that she thought the approxi *306 mate balance was $20. The bank verification showed a balance of $6317.93. The resource limit for a food stamp applicant age 60 or over is $3,000, and Wood is over 60 years of age. After receiving the information from the bank, the local office notified Wood that she was being discontinued from participation in the food stamp program due to excessive resources. Wood requested a hearing to contest that decision. Following the administrative hearing, Wood received a copy of the hearing officer’s report, which upheld the agency decision. Wood appealed that decision.
The trial court had before it a copy of the testimony given at the administrative hearing. The testimony from Wood’s son was that he opened the account some time in the early 1970’s using his own money; that when opening the account, he asked the bank to set it up where his mother could get to his money for him if something happened to him; that his intentions were for her to have access to the account only in the event of something like his mental incapacity or death; that he recalled bringing a card from the bank for her to sign when he first opened the account; that the only money put in the account was his; and that he considered it his account and never knew until now that his mother could withdraw from his account without his knowledge or permission.
Wood’s testimony was essentially the same as her son’s regarding the account. She recalled signing a card but thought it was in case something happened to her son. She testified that she never made deposits nor withdrawals and had forgotten the account existed because it was not hers. She testified that she never saw any statements and never knew that she could withdraw money from her son’s account.
Based on the information before it, the trial court ruled in favor of Wood and ordered her food stamp benefits to be restored. In support of its decision, the trial court cited Alabama Medicaid Agency v. Light, 507 So.2d 107 (Ala.Civ.App.1987), and Flannigan v. Baggiano, 462 So.2d 931 (Ala.Civ.App.1984). The trial court order, in pertinent part, read: “[T]he decision of the agency is overly restrictive and unreasonable in allocating the monies in the account to Alberta Wood. The monies in the account do not constitute a resource to Alberta Wood, and she does not have an ownership interest in them.”
DHR argues that federal food stamp policies, which govern the Alabama Food Stamp Program, require DHR to consider the entire bank account balance accessible to Wood unless she can demonstrate that the money is inaccessible to her, which DHR contends she failed to do.
We note here that we have not faced facts similar to these in determining eligibility for food stamp benefits. However, we have faced similar situations in determining eligibility for medicaid benefits. Light, supra, and Flannigan, supra.
The Flannigan case involved an applicant who was a joint account holder, and it was necessary to determine if the account was, in its entirety, a resource for the applicant. We held that for purposes of determining medicaid eligibility, it was error to apply all funds in a joint banking account to one owner. The rationale there was:
“Under the instant facts, to include all funds from a joint checking account and attribute the entire balance to one of the parties seems to be an overly restrictive application of this rule. In this instance, if the same application were applied to the appellant’s son, the entire amount could be attributed to him.”
Flannigan, 462 So.2d at 933.
In the case before us, there was substantial evidence to support a determination that the DHR decision was “overly restrictive and unreasonable.” Clearly, the testimony was that Wood did not deposit funds in the account, did not see statements, did not have a savings passbook or account number to make withdrawals, and, in fact, did not even know she could withdraw from the account.
The case of Hollinrake v. Iowa Department of Human Resources, 444 N.W.2d 95 (Iowa App.1989), raised a similar issue regarding a joint bank account and determined that, in assessing resources to deter *307 mine eligibility for food stamps, even if the applicant “had the authority to withdraw all the funds, this did not establish his ownership of the entire account.” Hollinrake, at 96.
In view of the above, it seems clear that Wood did not have an ownership interest or complete access to a joint savings account that constitutes an includable resource for purposes of determining food stamp eligibility, and the trial court correctly determined that the decision of DHR was unreasonable. Accordingly, we affirm.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.